IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY L. CAREY, #152763, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CIVIL ACTION NO. 2:07-CV-1106-MHT |
| | ) |
| ALABAMA PARDON AND PAROLES, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Anthony L. Carey ["Carey"], a state inmate,

challenges the decision to deny him release on parole issued in March of 2006. Carey names

the Alabama Board of Pardons and Paroles, Victims of Crime Against Leniency ["VOCAL"],

a private organization which represents the interests of crime victims at various proceedings,

Bob Riley, the governor of the State of Alabama, Troy King, the Attorney General for the

State of Alabama, and Bill Wynn, Velinda Weatherly and Robert Longshore, members of the

parole board, as defendants in this cause of action.

Upon review of the allegations contained in the complaint, the court concludes that

the plaintiff's claims against the Alabama Board of Pardons and Paroles and VOCAL are due

to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

## I.  DISCUSSION

### A.  The Alabama Board of Pardons and Paroles

The law is well-settled that a state agency is absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986).  Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' within the meaning of § 1983...."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989).  Thus, Carey's claims against the Alabama Board of Pardons and Paroles are frivolous as they are "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  These claims are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Victims of Crime Against Leniency

VOCAL is a private organization and is therefore not a proper party in this cause of action.  An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68

S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that VOCAL is not a state actor nor are its actions in any way attributable to the State. Moreover, the court concludes that the mere fact a private organization lodges a protest to the release of an inmate on parole, standing alone, fails to implicate the Constitution. In light of the foregoing, the court concludes that the instant claims against this defendant are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Board of Pardons and Paroles and Victims of Crime Against Leniency be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Alabama Board of Pardons and Paroles and Victims of Crime Against Leniency be DISMISSED as parties to this cause of action.

3. The plaintiff's claims against the remaining defendants be referred back to the

undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 6, 2008 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE