IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. CAREY, #152763, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-1106-MHT |
| | ) | [WO] |
| | ) | |
| ALABAMA PARDON AND PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Anthony L. Carey ["Carey"], a state inmate, challenges actions of the Alabama Board of Pardons and Paroles with respect to their decision to deny him parole in 2006. On February 1, 2008, Carey filed a document in which he seeks class certification of this action. *Court Doc. No. 8.* The court therefore construes this document to contain a motion to certify class under Rule 23, *Federal Rules of Civil Procedure.* Upon consideration of the motion to certify case as a class action, the court concludes that this motion is due to be denied.

Carey is an inmate who seeks to represent the interests of all inmates denied parole. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure.* The court concludes that Carey will

not be able to fairly represent the class.  *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir.

1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir. 1981); *Ethnic Awareness Organization v.

Gagnon*, 568 F.Supp. 1186 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*,

516 F.Supp. 132 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981).  Moreover, the

court finds that the prosecution of separate civil actions will not create a risk of inconsistent

or varying adjudications with respect to any general claims for relief.  Rule 23(b)(1)(A),

*Federal Rules of Civil Procedure*.  Furthermore, the questions of fact common to proposed

class members do not predominate over such questions affecting projected individual

members.  Rule 23(b)(3), *Federal Rules of Civil Procedure*.  Thus, the plaintiff's motion to

certify this case as a class action is due to be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

plaintiff's motion to certify case as a class action be DENIED.

It is further

ORDERED that on or before February 18, 2008 the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE