IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY L. CAREY | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE #: 2:07-CV-1106-MHT (WO) |
| | ) |
| ALABAMA PARDON AND | ) |
| PAROLES, et al. | ) |
| | ) |
|     Defendants. | ) |

## SPECIAL REPORT

**COME NOW**, the defendants, **Alabama Governor Bob Riley and Alabama Attorney General Troy King,** and in accordance with this Honorable Court's Order of February 1, 2008, submit the following Special Report.

## PARTIES

1. The plaintiff, Anthony Carey, AIS#152763, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Limestone Correctional Facility (Limestone) in Harvest, Alabama.

2. Plaintiff has named the following defendants:

a. Bob Riley, Governor of the State of Alabama

b. Troy King, Attorney General of the State of Alabama

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff seeks declaratory and injunctive relief from Alabama's discriminatory parole procedures and an order granting Mr. Carey an immediate parole hearing under statutory and administrative laws in place in 1989. Plaintiff alleges in his complaint that:

1. The defendants conspired to politically predispose him of any proper discretionary parole review.

### DEFENDANTS' RESPONSE

1. Defendants deny conspiring to deny plaintiff parole.

2. Mr. Carey's vague and conclusory allegations of conspiracy do not support a § 1983 claim.

3. Defendants named in their official capacities are immune by virtue of sovereign immunity.

4. Defendants named in their individual capacities are immune by virtue of qualified immunity.

5. Plaintiff lacks standing to bring this suit against the defendants in their individual capacities.

6. Defendants deny violating plaintiff's constitutional rights.

7. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of

the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to plaintiff's claims and the defendants are entitled to judgment as a matter of law.

### ARGUMENT OF FACT AND LAW

Mr. Carey's allegations of conspiracy are without merit and defendants are due to be dismissed from this case. Mr. Carey alleges that the defendants conspired to deny him parole, based on his race. Notably, Mr. Carey cites a newspaper article as proof of said conspiracy. Nowhere in the article does it say that any particular race of man or woman should be denied parole. The article merely states that the Attorney General is of the opinion that all criminals should serve out their full sentences. Mr. Carey offers nothing other than vague and conclusory allegations of conspiracy, which cannot support a §1983 claim. Fullman v. Graddick, 739 F.2d 553, 556-557 (11th Cir. 1984). See also, Brown v. Alabama Board of Pardons and Paroles, et. al., 2:07-CV-1123-MHT (WO) ___ So.2d ____, (Ala. M.D. 2008) (unpublished) (Defendants Troy King and Bob Riley were dismissed from suit prior to service because plaintiff's allegations that "'Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members…through collusion, conspiracy with co-defendants Bob Riley [and] Troy King' which predisposed him to an inability to receive fair consideration for parole," did not support a conspiracy claim under § 1983 because they were vague and conclusory.); Charest v. Alabama Board of Pardons and Paroles, et. al., 2:07-CV-984-MHT (WO) ___ So.2d ____, (Ala. M.D. 2008) (unpublished) (Defendants Troy King and Bob Riley were dismissed from suit prior to service because plaintiff's allegations that "'Alabama's

unconstitutional political policy orchestrated by Pardon & Parole Board members…through collusion, conspiracy with co-defendants Bob Riley [and] Troy King' which predisposed him to an inability to receive fair consideration for parole," did not support a conspiracy claim under § 1983 because they were vague and conclusory.)

## **CONCLUSION**

Based on the foregoing, defendants Bob Riley and Troy King, respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the defendants.

Respectfully submitted on this 13th day of March, 2008.

        TROY KING
        ATTORNEY GENERAL
        KIN047

        s/ J. MATT BLEDSOE
        J. Matt Bledsoe (BLE 006)
        ASSISTANT ATTORNEY GENERAL

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 13th day of March, 2008, electronically filed the foregoing with the Clerk of the Court, using the CM/ECF Filing System, and that I have further served a copy of the foregoing upon the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Anthony L. Carey, #152763
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749

                                                            s/ J. MATT BLEDSOE
                                                            OF COUNSEL