IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. CAREY, #152763 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | Case #2:07-CV-1106-MHT |
| | ) | |
| | ) | |
| | ) | |
| ALABAMA BOARD | | |
| OF PARDONS & PAROLES, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

Come now Robert Longshore, Bill Wynne and Velinda Weatherly, and show unto the Court as follows:

1)   Defendants deny all material averments of the Complaint.

2)   Defendants deny that they have deprived Plaintiff of any right, privilege or immunity protected under the Constitution or laws of the United States.

3)   Defendants deny that the Constitution or laws of the United States afford Plaintiff any rights to be protected when the State of Alabama considers whether to release him on parole.

4) Defendants expressly deny conspiring with any person or entity.

5) Defendants assert that the Complaint fails to state any claim upon which relief may be granted.

6) Defendants further aver that Plaintiff does not enjoy a liberty interest in his desire to be paroled, and that his desire to be paroled is not protected by the Due Process Clause of the U.S. Constitution.

7) The original Complaint fails to aver any facts to support its conclusory allegations on any claim.

8) The Objection to the Magistrate Judge's Recommendation, which we construe as the Amended Complaint referred to in the Court's Order for Special Report, fails to allege sufficient facts to support its conclusory allegations on any claim.

9) The allegations regarding conspiracy are vague and conclusory, and fail to state a claim upon which relief may be granted.

10) The allegations regarding "false information" are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001).

11) The allegations regarding "equal protection of the law" are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001).

12) The allegations regarding "cruel and unusual punishment" are vague and conclusory, and fail to state a claim upon which relief may be granted.

13) The claims regarding due process of law and a "fair" parole hearing procedure are insufficient, as a matter of law, to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982).

14) As noted by the Court of Appeals in the above-cited cases, it is well settled that *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 99 S.Ct. 2100 (1979), did not create a liberty interest in parole consideration under the laws of States that choose to establish discretionary parole systems.

15) *Wilkinson vs, Dotson,* 544 U.S. 74, 125 S. Ct. 1242 (2004), did not create any substantive rights for prisoners. That decision merely held that, if a plaintiff properly pleads facts showing that parole procedures operate to deprive him of a right, privilege or immunity

protected under the Constitution or laws of the United States, that 42 U.S.C. §1983 may be used to vindicate those rights in an action for declaratory and injunctive relief to set aside unconstitutional or unlawful procedures, where the plaintiff is not seeking relief within the scope of habeas corpus, as governed by *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In order to proceed under *Wilkinson,* Plaintiff must identify some right protected under the laws of the United States. Each right that he asserts has already been foreclosed by binding decisions of the Court of Appeals for the Eleventh Circuit. He fails to state a claim upon which relief may be granted.

16) The Complaint avers no facts to support the conclusion that the Board's Operating Procedures are unconstitutional. The Complaint contains no facts even illustrating how these Operating Procedures applied to his perceived detriment. Even when the Objections are construed as an amendment or supplement to the Complaint, the factual averments are insufficient to support any claim.

17) The newspaper editorial and newspaper article attached to the Objection do not lend support to any of the averments in the Complaint. In fact, the editorial argues that the Attorney General's

political goals are contrary to the interests of these Defendants. This material, which Plaintiff offers in support of his conspiracy claim shows that, rather than conspiring together, the Defendants actually have overlapping and divergent views about what policies best serve the people of Alabama.

18) These Defendants reserve the right to assert sovereign immunity and qualified immunity as defenses to any claims for monetary relief. Even under the liberal construction afforded to *pro se* litigants, Plaintiff has failed to plead sufficient facts to state any claim whatsoever under 42 U.S.C. §1983.

19) Plaintiff has not alleged sufficient facts to support the inference that he has suffered an "injury in fact" to confer standing upon him or to create a justiciable controversy. From the well-pleaded facts, it appears that laws and procedures, neutral on their face, were applied even-handedly, but with a result that merely dissatisfies the Plaintiff, as distinguished from harming him or interfering with any right recognized by law.

WHEREFORE, premises considered, Defendants move the Court to dismiss the Complaint, with prejudice.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on 03-19-08, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**ANTHONY CAREY #152763
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA  35749-7006**

Done this 19th day of **March**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ANTHONY L. CAREY, #152763** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| v. ) | Case #2:07-CV-1106-MHT |
| ) | |
| ) | |
| ) | |
| **ALABAMA BOARD** | |
| **OF PARDONS & PAROLES, et al.,**) | |
| ) | |
| **Defendants.** ) | |

### SPECIAL REPORT

Come now Robert Longshore, Bill Wynne and Velinda Weatherly, and show unto the Court as follows:

### The Parties

Carey is a prisoner, serving a thirty-year sentence for murder. He attempts to sue the Alabama Board of Pardons & Paroles, its members, the Governor of Alabama, the Attorney General of Alabama, and "VOCAL," which is a nonprofit corporation also known as "Victims of Crime and Leniency."

The Court has dismissed the Board, which is an agency of the State of Alabama, on Eleventh Amendment immunity grounds. The Court has also dismissed VOCAL on the ground that it is not a State actor.

Governor Riley, Attorney General King, and these three Members of the Board remain Defendants in their official capacities.

## Our Understanding of the Complaint

Plaintiff alleges that these Defendants all conspired together to deprive him of parole. He claims that this denied him equal protection of the law, deprived him of liberty without due process of law, caused him to suffer cruel and unusual punishment, and was the product of arbitrary and capricious action. He seeks a declaration that the Board's Operating Procedures are unconstitutional and an injunction setting a prompt parole consideration hearing.

## DEFENDANT'S POSITION

The newspaper editorial submitted in support of Plaintiff's claims undermines his conspiracy theory. The editorial shows that some of the other Defendants, rather than conspiring with the Board members, are pursuing political goals that would diminish the Board's authority. Neither Ms. Shehane nor VOCAL maintain offices with the Board. Any effort to serve them with process by mail at the Board's address will fail. It is preposterous

to suggest that the Board has conspired with Ms. Shehane. She has been expressing the opinion for decades that the Board should be abolished.

The Plaintiff's filings do not allege any facts to support an inference that the Board's procedures are either unconstitutional or being applied to adversely affect him. We cannot see what part of our Operating Procedures he wants to challenge.

The "rights" which Plaintiff asserts in his filings simply do not exist. His claims are foreclosed by prior appellate decisions. He does not enjoy a liberty interest in his desire to be paroled, and that desire is not protected by due process. He asserts no facts to show that he is subjected to any adverse condition beyond the normal incidents of incarceration, and fails to state a claim for cruel and unusual punishment. His conclusory allegations are clearly insufficient to support claims that he was subjected to arbitrary and capricious action, that he was denied parole as a result of reliance on information known to be false, or that he was denied equal protection of the law, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001); *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir.1982). In short, he has failed to allege an essential element of a §1983 claim: that he was deprived of a right, privilege or immunity protected under the Constitution or laws of the United States.

Although the U.S. Supreme Court has left open the possibility of using a §1983 action to vindicate Federally protected rights, it has not recognized such a right as existing under a discretionary parole statute. In order to vindicate a Federally protected right in a §1983 action, Plaintiff must plead and prove facts showing the existence of such a right and the deprivation of the existing right. His Complaint fails to state a claim under *Wilkinson vs, Dotson,* 544 U.S. 74, 125 S. Ct. 1242 (2004).

## Conclusion

The Complaint does not allege any facts to support a claim that he has been deprived of a right protected by the laws of the United States. It does not contain facts to support a claim of conspiracy. It does not contain sufficient facts to state a claim under theory that the Court could reasonably construe it as attempting to plead. The Complaint is frivolous, and is due to be dismissed.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles

        301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on 03-19-08, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**ANTHONY CAREY #152763
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA  35749-7006**

Done this 19th day of **March**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY L. CAREY, #152763 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case #2:07-CV-1106-MHT |
| ) | |
| ) | |
| ) | |
| ALABAMA BOARD ) | |
| OF PARDONS & PAROLES, et al.,) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DEFENDANT WYNNE

I was not a member of the Board on 28 March 2007, when they considered whether to parole Anthony L. Carey, AIS #152763. I have no personal knowledge of what transpired in that hearing.

_____
BILL WYNNE
CHAIRMAN

SWORN TO AND SUBSCRIBED before me this 19th day of March 2008.

_____
NOTARY PUBLIC
Commission Expires: 10/10/08

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY L. CAREY, #152763** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case #2:07-CV-1106-MHT |
| | ) | |
| | ) | |
| | ) | |
| **ALABAMA BOARD** | | |
| **OF PARDONS & PAROLES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF DEFENDANT WEATHERLY**

I was a member of the Board on 28 March 2007, when we considered whether to parole Anthony L. Carey, AIS #152763. He is serving a sentence of 30 years for murder. This was the fourth time he has been considered for parole.

No Member of the Board was satisfied that he was ready for release. We scheduled further consideration in three years. He is scheduled to complete his sentence on 12 January 2019.

I heard the views of various officials and individuals expressed in an open public meeting, and deliberated with my colleagues on the Board. I did not conspire with any person regarding Carey.

VELINDA A. J. WEATHERLY
BOARD MEMBER

SWORN TO AND SUBSCRIBED before me this 19th day of March 2008.

NOTARY PUBLIC
Commission Expires: 10/10/08

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. CAREY, #152763 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case #2:07-CV-1106-MHT |
| | ) | |
| | ) | |
| | ) | |
| ALABAMA BOARD | | |
| OF PARDONS & PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF DEFENDANT LONGSHORE**

I was a member of the Board on 28 March 2007, when we considered whether to parole Anthony L. Carey, AIS #152763. He is serving a sentence of 30 years for murder. This was the fourth time he has been considered for parole.

No Member of the Board was satisfied that he was ready for release. We scheduled further consideration in three years. He is scheduled to complete his sentence on 12 January 2019.

I heard the views of various officials and individuals expressed in an open public meeting, and deliberated with my colleagues on the Board. I did not conspire with any person regarding Carey.

ROBERT P. LONGSHORE
ASSOCIATE MEMBER

SWORN TO AND SUBSCRIBED before me this 9th day of March 2008.

NOTARY PUBLIC
Commission Expires: 10/10/08