Certification N0# 7007-0220-0000-1049-0116

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

Anthony L. Carey, #152763

              Plaintiff,

Vs.

                                     **2:08-CV-1106-MHT**

Alabama Pardon & Paroles et. al.,

              Defendants.

### REQUEST FOR DISCOVERY / PRODUCTION FOR DOCUMENTS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

PLAINTIFF Anthony L. Carey (hereinafter "CAREY") moves this Honorable Court to

*GRANT* the above styled motion, pursuant to Fed.R.Civ.P., Rules 26, 33, 34, 36; in conjunction

with attached Rule 56(f) motion, supporting attached Affidavit, as follows:

§ 1.           Carey avers that this court ORDERED the Defendants on February 1st, 2008 to

undertake a review of the subject matter of the Complaint a) ascertain the relevant facts and

circumstances; b) to consider whether any action should be taken by prison officials to resolve the

subject matter of the complaint; and c) to determine whether other similar complaints, whether

pending in this Court or elsewhere, should be considered together; and although Defendants Riley

and King filed a "boiler-plated Answer," along with a separate "Special Report," it's herein

pointed out specifically to this Court that these two defendants (Riley & King) wholly failed to

support their "report" as so ordered, *"with sworn statements of all persons having* **personal**

**knowledge of the subject matter of the complaint . . ."** **Id**. Additionally, Riley / King failed to

ANSWER in proper form —as ordered by this Court, making a factual determination as to the

1

above stated references, that to should be specifically addressed by both: 1<sup>st.</sup> this Court prayerfully *sua sponte* but moreover 2<sup>nd.</sup> Carey at the appropriate time, if not correct by Magistrate Moorer.

This Court also stated: **"The report <u>must</u> contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint."** Since Carey never received anything other than a mere shotgun styled answer, Carey is left to attempt to preserve said action and pray that this Court would allow DISCOVERY, thence allow Carey to Reply / Respond to Riley's / King's ANSWER dated March 13<sup>th.</sup> 2008 being ever so mindful that said affirmative pleadings were filed **untimely** by Riley / King; defendants were to file their "written report / special report with the court and serve a copy upon plaintiff within **forty (40)** days –said ORDER was issued February 1st, 2008 "February being a leap month, answer was due March 12th, not the 13th, 2008," thus Riley's / King's answer remain untimely and Carey will reply / respond accordingly in the attached Motion To Strike.

Saying such, Carey asserts prior to filing the court ordered Reply / Response, that "DISCOVERY is now a juridical necessity primarily because counsel for Riley / King affirmative objects, denying Carey's original COMPLAINT without any evidentiary support, or first hand knowledge from either Riley or King whatsoever [?], prejudicing both this Courts learned eye and Cary from effectuating properly, this civil action, absent limited discovery, to contradict submitted unsupported allegations.

Nonetheless, as the moving party Riley / King have wholly failed to meet their initial burden, under the strictures of Federal Rules of Civil Procedure, and the holdings in *Celotex v. Catrett,* [477 U.S. 317] 1986)("a defending party moving for summary judgment discharges its burden of 'showing initially the absence of a genuine issue concerning any material fact.'").

Carey asserts that Riley / King have yet to meet that initial burden, as a matter of record, though perhaps inadvertence or a blessing to Carey, Riley / King have partially admitted some of

Carey elements, but further discovery should finish disclosing sufficient documentary evidence for Carey's Reply / Response without *"waving any and all other objections to said Answer."* until discovery; it must be pointed out that Riley / King merely made perfunctory conclusory allegations –not comporting to Federal Rules of Civil Procedures and failed to support their defense, with any evidentiary materials –as so ordered as of 2/01/08.

Nowhere can this Court, nor counsel "find in Carey's three (3) succinct claims." that Carey or any other plaintiffs suing said overall defendants along the same vein –complained of, ensuing, a denial of parole down a *liberty interest* vein whether under the due process clause or the equal protection clause –to the extent that *liberty* is challenged, for clarity Carey presents, requests that this Court foreclose any attempt by said defendants limiting such affirmative pleadings to Carey's sole three (3) issues yet lawfully addressed by Riley / King (Wynn, Longshore, Weatherly and Shehane have yet timely answered ? ).

Secondly, Counsel partially admitted, openly to this Court, and Plaintiff that *"Defendants deny conspiring to deny parole* . . ." Merely submitting restated denials to Carey's original Complaint under perjury won't suffice shifting the burden, all of which Carey reserves the right to reply / respond at the appropriate time. Counsel attempts to plead for "summary judgment," inapposite to this Court specifically ORDERING that parties could not, nor would not plead such *"without leave of court.,* see paragraph (5) at page 2 of February 1st. 2008 ORDER *"No motion for summary judgment . . .or other dispositive motions addressed to the complaint be filed by any party without permission of the court."* **Id.** Perhaps Counselor Bledsoe for "Riley / King" believes *"requesting permission for leave"* to file for summary judgment is left only for those less fortunate to represent "the Governor" or his "General." *Cf.* 2/01/08 Court Order p.2 @ ¶ 5.

Carey requests that this Court *"take judicial notice of said* fact" and sufficiently move towards taking a closer look at the State's process of being at least *"fair"* when and how Alabama

Certification N0# 7007-0220-0000-1049-0116

reviews Alabama inmates as-applied to Carey weather such *eligibility* process and subsequent *consideration* for parole needs to comes into the 21st. Century –which Carey strenuously challenges the States flagrant process. however given Counsel assertion that "fairness has no place in Alabama's Constitutional parole consideration process," the same likened deprivation was most recently overturned in *Wilkinson v. Dotson*. 544 U.S. at 74 (2005) (challenging "*prospectively, the unfair parole policies*") –the due process complaint was quite unique. because as herein –it too. did not challenge the way the Board exercised its discretion; rather it alleged as Carey, that the Board was actually not exercising its discretion at all. This instant case follows the same line of reasoning. that the United States Supreme Court found interesting enough to consider and changed Ohio's. New York's and also Michigan's Parole Board procedures indistinguishable to the facts and circumstances as a whole which arguably demonstrate Alabama's Parole Board procedures are illegal at best –the statistical trends. and recurring pretextual "*reasons*" for denials and common threads of reliance solely upon the crime [versus Alabama's 640-X guidelines inclusive to title §15-22-20 through §15-22-40] are not in accord with statutory criteria. a single denial "*does not a policy make*," it takes a group attack as requested herein your Honor to gain the juridical eye of Federal Court comity in road with *Wilkinson v. Dotson*. supra.

The basic tenet established above now graciously admitted by Riley / King has a fundamental substantive underpinning to Carey's three colorable claims. grounds for limited DISCOVERY.

§ 2.        Since Riley / King failed to serially ANSWER Carey's allegations –absent the sole excerpt in said deficient "Special Report at page two (2) @ ¶ 1 to-wit: Defendants' Response "*Defendants deny conspiring to deny plaintiff parole*," surely merits further review through the normal discovery process. in addition to the other relevant proportions Carey will seek through limited DISCOVERY. see "*Plaintiff Carey First Set of Interrogatories And Request For*

*Admissions, For Production Of Documents To Defendants under Fed.R.Civ.P."* enclosed, as attached –served.

Because Riley / King have yet proven, at first blush –that Carey cannot prove the elements of a[ny] claim and have yet shown this Court within the confines of this Circuits holdings where, if any that, as the nonmovant Carey cannot prove a genuine issue of material fact, as to any evidence at issue, therefore the burden has not shifted.

§ 3.        Therefore *Celotex*, then, narrowly limits its facts of a movant, whom must meet the initial burden by motion specifically identifying and pointing out to the court that "Carey's pleading' on file, contain no proof concerning an issue on which, as the nonmovant will bear the burden of proof at trial." This holding in *Celotex*, coupled with Counsel's failures to adhere to the Courts previous instructions –should if nothing else, suffice to allow at least the obedient one –that is Carey, time for proper Affidavits to overcome Riley's / King's summary judgment request, absent, also their absence for requesting permission for leave to have requested such at this stage.

§ 4.        Carey asserts briefly, without waiving any "right" to Reply / Respond to Riley's / King's ANSWER absent full compliance with as Court ordered on February 1st, 2008 Carey cannot honestly without first being afforded limited discovery pursuant to Rule 26, Fed.R.Civ.P., reply before this Court requires, or expects Carey to file any reply.

§ 5.        Carey now requests an ORDER be issued *sua sponte* upon further consideration of this instant motion, and the attached DISCOVERY MOTIONS granting per se either a continuance, or a stay until and upon completion of limited discovery for Carey to properly manifest the strict proof as invited by Counsel, to both this Court and Carey as the nonmovant.

Carey would like very much for this Court to please, prior to review of this motion, if necessary review its February 1st, 2008 Order at page 2, ¶ 2. "[W]here Plaintiff's claim or Defendants' defenses relate to or involve the application of administrative rules, regulations or

Certification N0# 7007-0220-0000-1049-0116

guidelines, the **written report shall include copies of all such applicable administrative rules, regulations or guidelines**." Id. "**In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief**." Id. Carey request that this Court now ORDER *sua sponte* for Riley / King to produce –as previously ordered said "*documents*."

Nowhere has Riley / King provided either this Court nor Plaintiff Carey with a single shred of documentary evidence to discredit Carey's maintainable claims whereupon Riley / King or in fact the Board followed State law, in accord with the regulations in effect at the time Carey was convicted / sentenced in 1989 –Counsel merely shrugged off obeying this Court's ORDER (02/01/08) whereas this Court utilized mandatory substantive language, i.e., "**must**" "**shall**" contain, include copies, documents record, regulation et. seq., but Counsel wholly failed to [dis]honor this Courts authoritative power to its advantage [?].

Carey respectfully requests, and asserts he does not wish, desire to abandon, waive or dismiss replying to Riley's / King's "boiler-plated ANSWER" but DESIRES, REQUESTS that this Court allow Carey to first utilize effective civil tools birthing out the truth of the matter –at hand, inapposite to Riley's / King's

§ 6.        Issue an ORDER allowing Carey to receive DISCOVERY in the form of: (1) Interrogatories, pursuant to Rule 33, Fed.R.Civ.P., (2) Request for Admissions, pursuant to Rule 36, Fed.R.Civ.P., and (3) Request for Production of Documents pursuant to Rule 34, Fed.R.Civ.P., for the inspection, viewing of the above requested records, recordings, tapes, notes, memoranda of Carey's March 2006 parole hearing, inclusive to the "*documents*," remaining at large at present, won't prejudice any party, but provide relief.

§ 7.        Issue an ORDER to Riley / King to forward any and all copies of memoranda **between** Defendants Wynn, Weatherly and Longshore, and Defendant M. Shehane and Riley /

Certification N0# 7007-0220-0000-1049-0116

King or a[ny] other agents, employees involved in, prior to and including the 2006 hearing;

inclusive to disclosing whom Riley / King are attempting to shift the blame upon, since Counsel is

attempting to utilize it as a defense.

§ 8.        Issue an ORDER to Riley / King for production upon Carey, for inspection,

copying, testing and examination of the following:

a.    Any written or recorded statements made by all Defendants to any subordinates, or its agents thereof, or to Carey's family members;

b.    To disclose the substance of any oral, written statements made by Defendants before and after Carey's post-deprivation denial of parole as first filed to its subordinates for proper remedial address, correction;

c.    Any written, recorded statements made by any co-defendant or accomplices made before or after Carey's post-deprivation parole denial as first filed to said agency or agents thereof;

d.    To disclose the substance of, any oral, written statements made by any co-defendant or accomplices made before or after Carey's post-deprivation denial of parole in accordance with State law, rules or regulations (640-x's);

e.    To permit Carey to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, rooms or places or portions of any of these things in any way material to the preparation of prosecuting this action, answering Defendant's summary judgment under Rule 56, Fed.R.Civ.P;

f.    To disclose any material evidence submitted to subordinates, agents, employees thereof, such as reports, recordings, tapes notes of the 2006 hearing memoranda concerning this action;

g.    To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, stenographic tapes, notes, recordings and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion;

h.    Copies of any and all reports, tapes, recordings and memoranda connected with allegations against defendants, co-defendants or accomplices, in accord with State law, and discovery;

i.    Names, addresses, telephone numbers, general whereabouts of all witnesses to be called upon by Carey, in the above styled civil action, for Interrogatories, Request for Admissions, or Production of Documents relating specifically to this action;

j.    Statements of any and all persons including memoranda, summaries or recordings, video tapes, audio tapes, recordings of Defendants acts, actions, omissions or written statements of any and all persons, or Defendants subordinates relating to the specific violations, made by Carey;

k.    All memoranda, documents and reports presented, offered, submitted by defendant's to one-another its subordinates, agents thereof, connected with

Certification N0# 7007-0220-0000-1049-0116

the specific subject matter of the case referred to above as well as the name of any and all investigator's, agency or agent's thereof;

l.    Names and addresses of any and all memoranda, documents and reports presented, offered, submitted by defendant's to its subordinates, the Board its agents thereof, connected with the specific subject matter of the case(s) referred to above as well as the name of any and all investigator's, agents thereof;

m.    Names and addresses of any and all persons who may have some knowledge, information as to facts, evidence in the present case, action against the Defendant's;

n.    Full names, addresses of any and all persons who gave facts, information, data or otherwise evidence which served as a basis for any aspect of this case against these Defendant's.

o.    All reports, documents, letters, and memoranda which were a basis of the denial against Carey, for defendant's defense, affirmative pleading or otherwise qualified immunity theory;

p.    The records, reports, data concerning other grievances, complaints against Defendants, whether a list, computer readout, printout or summary reflecting actions against defendant's in the coarse of tenure of employment with the Board concerning *eligibility*, and *considerations* of parole reviews;

q.    All relevant evidentiary documents (i.e., forms) as shown in the 640-X guidelines made mention of by Carey, utilized to deny parole, or the documents evidencing the prospective probability for the statement made that future parole consideration was at best highly [in]appropriate;

r.    A detailed description of the whereabouts of all the defendant's on the date, time said offense, actions arose, such as schedules, concerning statements made in Answer, but not limited to such, inclusive to statements, facts averred in Counsel's **unsupported** allegations they weren't involved;

s.    Reports, data, documents, computer readouts, summaries as to the inmates, similar likened Carey that are considered similarly situated –whom made parole in the month of March 2006;

t.    Copies, duplicates or records, data, information, reports concerning other inmates considered for discretionary parole on that date, concerning the averments against the Defendants;

u.    Any and all hand-written or typed notes, agendas, reports, reviews, working papers, books, charts, correspondence, memoranda, notices, studies, including but not limited to the above, as to how the Board arrives, or makes its predictions that inmates likened Carey have not changed, nor will change under the circumstances at hand.

§ 9.    Carey only request's limited DISCOVERY, as to the above references, concerning the month of March 2006 dealing with the specificities surrounding the violations at hand.

§ 10.    The aforesaid documents or items are in the possession of either Defendant's Riley / King or the Board Defendant's or their Attorney's of record or available to the Court, per se.

Certification N0# 7007-0220-0000-1049-0116

through other favorable litigations or arguably favorable to Carey's position of his constitutional deprivations, should this Court require more strict proof by plaintiff herein, to Reply / Respond to Riley's / King's ANSWER that this Court stated would turn into a Rule 56 motion shortly thereinafter.

§ 11.        The documents, articles, tape recordings, *inter alia* as requested above are relevant, significant and constitute substantial material evidence and will be useful and necessary to Carey's case, to civilly prosecute these three succinct claims hereinafter, and as evidentiary necessity providing proof for this Courts determinations and for Carey's tentative jury trial.

§ 12.        Carey cannot effectively prosecute, defend these three (3) issue, case against said above named defendant's, nor go to trial without the production of said ascribed *"documents"* and in their absence will be substantially denied fundamental due process of law as guaranteed by Amendment's I, V, VII of the Constitution of the United States of America made applicable to the States through the XIV §1 to the Constitution of the United States Constitution; and herein pursuant to the Civil Rights Act, § 1983 et. seq.

§ 13.        Carey fully incorporates as same herein, the ***"definitions, instructions,"*** set forth at Section I, pp. 1 –4 under ¶¶1 –6, therein; likewise as attached to Carey's Interrogatories as set forth at Section III, pp. 8 -12 under §§1 –16, therein; and also Carey's Request For Admissions in Section IV, pp. 12 –16 under §§18 -37 as clearly defined under Section II, pp. 4 under ¶ 7 subsections (a) through (q), at p.8.

Without the production of the documents and items referred to above, Carey will not be able to effectively prosecute this civil action in the above-styled case and thus, Carey will be denied his rights to seek redress for clearly established Federal rights being abridged, grossly violated by Defendants, and cannot without such DISCOVERY effectuate a Reply / Response to the Defendants boiler-plated answer at this early juncture.

Certification N0# 7007-0220-0000-1049-0116

§ 14.        This motion, inclusive to attached Interrogatories, Request for Admissions, remain made under the authority of Rule 26, Federal Rules of Civil Procedure.

Further, said production must be without delay so as to allow Carey adequate time for preparation to essentially respond to Riley's / King's request for summary judgment –absent Riley / King first *"requesting permission for leave"* as ordered by this Court, see 2/01/08 p.5 ¶5.

Nevertheless, absent this Court granting production of DISCOVERY resulting in a[ny] denial, would chill Carey's Constitutional rights to redress the civil deprivation, due process of law and Carey's right to a jury trial, now warranted.

WHEREFORE, Carey prays for the following relief:

a.  That Riley / King be required to produce all documents and all other evidence referred to above promptly.

b.  Without waiving the right to have Carey examine, retrieve, copy said documents, articles, items, recordings, notes, forms, *inter alia*, this Court would be chilling the force, effect of discovery as a tool in civil actions.

c.  Permitting Carey to be present, from the above, for this Courts learned eye, either the stenographic tapes, recordings, *inter alia*, of the March 2006 parole hearing would bring forth Federal comity in accord with §1983 DISCOVERY, terms, thus permitting this Court to make genuine, factual determination favorable from evidentiary documental proof relating to the questions challenged as to Riley's / King's guilt or innocence or for the purposes of imputing fundamental truths, equipping Carey with the *"documents"* to properly Reply / Respond to Riley's / King's unsupported ANSWER, inclusive to preserving evidentiary materials for the prospect of Carey's jury trial, or in the alternative limited DISCOVERY will bring about closure –concession from

the defendants providing prospective protections for, from arbitrary and capricious acts, actions or outright flagrant omissions of State law working in harmony within the strictures, confines of Federal Rules of Civil Procedures.

d.  That if any part of said documentary evidence is not made available to Carey, this Court, by Riley / King hereinafter promptly or a time certain as set forth by this Court, and in any event prior to a summary judgment ruling be afforded Riley / King heretofore absent such DISCOVERY, or in any event prior to commencement of tentative jury trial, Carey then respectfully moves, without waiving the right to production of said evidentiary materials, prior to either: (1) summary judgment, (2) jury trial or (3) Interrogatories, Request for Admissions, and Production of Documents, *inter alia*, that said action be set for pre-conference for resolution, or stay proceedings until full compliance with DISCOVERY has been accorded Carey.

e.  Without waiving the foregoing, Carey requests that an exact copy be made of each document, article, item, recording tape of 03/17/06 hearing be provided Carey and this Court and that said same be sealed and included in the record of this case for the purpose of insuring effective review in the event this Court denies Carey's request for disclosure, inclusive to never being afforded proper notification by this Court's clerk, that defendant's were in fact served with *"waiver of service, and execution of complaint,"* absent Carey's knowledge until Carey received Riley's / King's ANSWER, absent Court ORDERED **"written report including polices, regulations or administrative forms." Id**.

f.   That the duty of Riley / King to disclose pursuant to this motion be considered

as continuing up and until and through, either adjudication of summary

judgment, or trial and post-judgment proceedings.

WHEREFORE PREMISES SHOWN, White prays that this Court would **GRANT** this

request for Production of Documents, and issue the necessitating ORDER to accommodate judicial

comity.

Done so this _12_ day of _March_, 2008.                              Respectfully Submitted,

ANTHONY L. CAREY
Pro se    #152763

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the DISCOVERY

motion upon said Defendants, placing said same in the United States Mail, properly addressed,

postage prepaid by means of Certified Mail,[1] Receipt Requested, upon delivery, service to invoke

the time certain for answering, as follows:

1)    Office of the Attorney General
      C/O J. Matt Bledsoe, Assistant Att'y Gen.
      11 South Union Street
      Montgomery, Alabama 36130

2)    Defendants Wynn, Weatherly, Longshore et. al.,
      C/O Chief Counsel Honorable Hugh Davis
      Attorney for Alabama Pardon & Paroles
      301 South Ripley Street
      Post Office Box #302405
      Montgomery, Alabama 36130

---

[1]    Carey asserts that the Certification Card Number hereinafter ascribed #7007-0222-0000-1049-0116 was placed upon the Production of Discovery motion, served upon Riley & King's counsel and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

3) ·     M. Shehane, VOCAL
         Alabama State Capitol
         Montgomery, Alabama 36130

Done so this _18_ day of _March_ . 2008.

Respectfully Submitted.

ANTHONY L. CAREY
Pro -se # 152763
LIMESTONE    FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

