Certification N0# 7007-0220-0000-1049-0116

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

Anthony L. Carey. #152763

        Plaintiff.

Vs.                      *       **2:08-CV-1106-MHT**

                      *

Alabama Pardon & Paroles et. al..    *

        Defendants.        *

## PLAINTIFF CAREY'S FIRST SET OF
## INTERROGATORIES AND REQUESTS FOR
## ADMISSIONS, FOR PRODUCTION OF DOCUMENT
## TO DEFENDANTS UNDER FED.R.CIV.P.

COMES NOW Anthony L. Carey (hereinafter "CAREY") moves this Court to issue an

ORDER to defendant's pursuant to Federal Rules of Civil Procedures. Rules 33, 34 and 36, pursuant

to the applicability of Rule 26; whereas Carey is hereinafter requesting that Defendant's Riley &

King (hereinafter the "Defendants") -ANSWER separately, fully and in writing, the following

interrogatories and admissions, under oath, affirmation, in accordance with the definitions and

instructions respectfully set forth below, and within thirty (30) days after service of these

Interrogatories. Request for Admissions, and furthermore, for the defendants to provide full

disclosure, along with said answers herein, thereinafter, copies thereof supporting evidentiary

materials, as follows:

## I.    DEFINITION AND INSTRUCTIONS:

¶ 1.        In responding to requests for Admissions. Interrogatories inclusive to the Production

of Documents, defendants shall furnish not only such information, documents as available to them,

either constructive or actual possession, also full disclosure of any, all evidentiary materials as known to, available to, or in custody of, or control of, by any agent, employee, employer, representative, co-defendants, witness's as may have otherwise been taken into consideration before the Board by State statute as promulgated by Legislation, including but not limited to defendant's attorney and investigators, or those "*notified by statute*," to voice a[ny] objection to said parole consideration - unless documents, information, records, data, or transcripts from the March 2006 Parole Hearing are, or will be claimed hereinafter deemed, considered to be privileged from production or discovery, by law.

¶ 2.        If defendant's consider any documents, information, data, records, transcripts, *inter alia*, falling within Carey's requests for Production of Documents, attached heretofore separately, as being privileged from DISCOVERY, Carey request's that, at this time or thereinafter, when defendants respond to the Request for Production, that the defendant's serve upon Carey, a written list of the documents so withheld from discovery; and identify each and every document by date, author or party, by name, address of each and every person, party or witness having copies of said same documents, information, data, records; inclusive to any transcripts of March 2006 hearing, then provide a legal basis for which the document is considered to be privileged from production, re-production, photo-copying by discovery, or, as an alternative to, allow this Court to "review such at an in camera hearing."

¶ 3.        These Admissions and Interrogatories are prevalent to Carey's discovery requests, and are to remain as continuing and to be supplemented in accordance with Federal Rules of Civil Procedure, Rule 26(e).        However, in the event that any information or documents come to defendant's attention, whether constructive or actual possession, custody or control of the defendant's, their attorney of record, or such other interested person's, parties, agency, employees,

employers, subsequent to the filing of defendant's response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendant's initial answers / responses thereto, said additional information, documents, data, records, videotapes, *inter alia*, shall be furnished to Carey, or in the interim thereinafter, any Court appointed stand-in counsel, as soon as possible or unless otherwise specified by this Court, or upon subsequent motion.

¶ 4.      In responding to Carey's DISCOVERY requests, defendant's are to furnish documents, records, data, information, transcripts of said March 2006 hearing, memorandum, *inter alia*, utilized to consider, and then deny parole, whether constructive or actual possession of, as available to defendant's, their agents, employees, employers, co-defendants, witness's, or representatives, such as attorney of record, but not limited to thereof.

¶ 5.      With regard to Carey's Requests for Admissions and pursuant to Federal Rules of Civil Procedure, Rule 36, defendant's shall specifically answer the matter or set forth in detail their reasons why answering / responding party, person, defendant's, co-defendants or representatives cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendant's shall qualify an answer or deny only a part of the matter of which an admission is requested; defendant shall specify as much of it, as is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendant's state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendant's is insufficient to enable them to admit or deny. If defendant's consider that a matter of which an admission has been requested and presents a genuine issue of material fact, for trial, they may not, on that ground alone, object to the Carey's requests; defendant's may, subject to the provisions of Federal Rules of Civil

Procedure, Rule 37(c), deny the matter upon setting forth a lawful, legal reason why defendant's cannot admit or deny it.

¶ 6.     As a courtesy, in answering / responding to any and all DISCOVERY requests herein, or thereinafter, defendant's are asked to please preface said answers / responses with: "Interrogatory or Request for Admission, Production, being Answered."

## II.    DEFINITIONS:

¶ 7.     When used in Carey's discovery requests and foregoing set of Interrogatories or discovery requests henceforth, the following definitions shall apply:

    a.     As used herein, the term ***document*** or ***documents*** means any writing, record or data in any form or medium, whether or not privileged, that is in the defendant's actual or constructive possession, custody, or control. As used herein, a document is deemed to be in the defendant's control if the defendant's have a right to obtain a copy of it, or view, review in a normal day-to-day operation. "***Document***" also includes the original of any document in whatever form or medium it may exist, and all copies of each such document bearing, on any sheet or side thereof, any marks (including, by way of non-limiting example, initials, stamped indicia, or any comment or notation of any character) not a part of the original test or any reproduction thereof. Examples of documents that must be produced include, but not limited to, working papers, preliminary, intermediate, or final drafts, grievances, correspondence, transcripts, analyzes, studies, reports, surveys, memoranda, charts, notes, records (of any sort) of meeting, messages, work assignments, internal

communications, work sheets, graphic materials however produced, reproduced, diaries, telegrams, telexes, fax transmissions, electronic transmissions, reports of telephone or oral conversations, desk calendars, appointment books, audio or video tape recordings, photographs, films, microfilm, microfiche, computer tapes, disks, or printouts, press releases, newspaper, magazines and all other writings or recordings of any kind, copies thereof.

b.  **"*Relating to*"** means discussing, describing, referring to, reflecting on, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, relevant to, bearing on, or pertaining to, in whole or part.

c.  **"*All*"** means **"*any and all.*"**

d.  **"*Any*"** means **"*any and all.*"**

e.  **"*Each*"** means **"*any and all.*"**

f.  **"*And*"** means **"*any and all.*"**

g.  **"*Or*"** means **"*any and all.*"**

h.  As used herein in reference to a natural person, the word **"*identify*"** shall mean to state the person's full name, address and present or last known home, business address and their said association to defendant's.

i.  As used in reference to a business or other entity, the word **"*identify*"** shall mean to state the business or other entity's full name and present or last known address and their said association to defendant's.

Certification N0# 7007-0220-0000-1049-0116

j.    The word *"review"* includes the circumstances and events leading up to. and surrounding the violation(s) of Carey's March 2006 denial of parole by the Board. inclusive to each and every person. party. witness's. defendant's. co-defendants. employee. agent, or otherwise involved – giving rise to the challenged action before, during and after the usurpations. as documented in the Board's file. or per se utilized stemming from Carey's institutional file with the ADOC and; any and all other circumstances giving rise to this civil action.

k.    The word *"specifically identify"* as used with respect to each and every document herein. in addition to. as stated in ¶ 7(a) above. *inter alia*. remains understood to mean the following: 1) title: 2) date: 3) name and position of originator: 4) name and position of any and all defendant's. co-defendants. witness's and supervisor's: 5) names and positions of any and all person, party. agent. employee. employer, or representatives who received copies or any portions of the documents in question: 6) description of the document subject matter and contents: 7) location of the documents. records. data. information. inclusive to recordings. stenographic notes. transcripts. *inter alia*. in question: 8) names and positions of the custodians of the above requested documents in their entirety. but not limited to.

l.    References to the singular shall be construed to include the plural. and references to the plural shall be construed to include the singular.

m.    All verbs shall be construed to include the tenses

n.    If any document or portion of any document covered by these requests is withheld from production, please furnish a list identifying each such document or portion, providing the following information with respect to each:

"1. the reason(s) for the withholding;

"2. the date of the document;

"3. identification by name, job title, and the last known business and home addresses of each person who wrote, drafted, assisted, participated, or otherwise aided in the production of the document;

"4. identification by name, job title and the last known business and home addresses of each person who received or has custody, control of the document or copies thereof;

"5. a brief description of the nature and subject matter of the document;

"6. the length of the document;

"7. a statement of the facts that constitute the basis for any claim of privilege, work product or other grounds of nondisclosure; and

"8. the paragraph(s) of these requests to which the withheld document(s) is responsive."

o.    If any document responsive to a request was, but no longer is, in the defendant's possession, custody, control, declare whether such document is (a) missing or lost, (b) has, had been destroyed, (c) had, has been transferred to others, (d) had, has otherwise been disposed of. For each instance, please explain the circumstances surrounding such disposition.

identify each person who authorized such disposition, indicate the dates, times, f such authorization and disposition, and identify the document and each person or entity that may have, had custody, or control of, over such document or any copy thereof.

p.   In the likelihood, that information responsive to a request appears on one or more pages of a multi-page document, produce the entire document.

q.   Individual responses on more than one page should be stapled or otherwise separately bound, and each page numbered consecutively.

## III.   **INTERROGATORIES:**

§ 1.   State your full name, current address, date of birth and social security number.

§ 2.   Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in this State, or another? If so, for each charge, arrest or conviction or nolle prosequied offense, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, or the nolle prosequied offense, the court case number, and the disposition of the charge, arrest or conviction or nolle prosequied offense.

§ 3.   Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please *identify* by *document* the person, party, agent, agency, employer, employee or department and/or individual who accused or investigated you for such allegation(s); *specifically identify* by *document* the person, party, agent, agency, employer, employee or department or such other, who accused you of said charge, arrest, conviction or any offense's which may have been nolle prosequied; the nature of the allegation; your answer, response, in detail, to the allegation; the disposition of the accusations or investigations against you, either involving your official capacity, or involving your individual capacity.

Certification N0# 7007-0220-0000-1049-0116

§ 4.    Please *identify* by *document* each and every employer you have had in the last ten (10) years. unless you've worked for specifically: 1) the Governor's Office and or 2) the Attorney General's Office as your current employer. With regard to each/every employer. state the foregoing: a) date of employment with such: b) the type of work performed: c) your discretionary functions. duties and responsibilities: d) why you left the last job. and accepted this present one. Also. forward – produce *by document* any. and all other similar Complaints whether pending before this Court or elsewhere along the similar vein of the allegations as-applied and challenged in this civil tortfeasor. additionally answer. respond and disclose the foregoing:

> "a). Disclose any and all contacts *relating to* the following: "1) the Board's Office. moreover Defendant's Wynn. Weatherly. and or Longshore. moreover per se also 2) M. Shehane at VOCAL, said agents, employees. officers. whether direct. and / or indirectly as to each. every and any representative(s) primarily associated with. dealing. concerning the Board's *review -relating to* protesting paroles. specifically Carey. but not limited thereto. *identify by specific document*."

§ 5.    *Identify* in detail. by *document* the statutory procedures utilized *relating to* 1st: "Carey's *eligible* for the *initial parole calendar date* -consideration. review." then 2nd: "how the Board by State statute arrived at their decision. and whom was *notified in accordance* by State law." under the veins of both *Wilkinson v. Dotson*, [544 U.S. 74] and *Greenholtz v. Nebraska*, [442 U.S. 1] progeny's.

§ 6.    *Identify* by *document* the Board's policy. procedure. practice *relating to eligibility* and *consideration* as-applied to Carey in effect in 1989 for potential parole by State law in accord with Federal law mandates. additionally:

"a). Then, produce and *Identify* by *document* the Board's policy, procedure, practice on both *eligibility* and *consideration* as-applied to inmates currently, after the Board's amendment to its 640-X-.02 and -.03 criteria, now described, defined as the Board's amendatory *Articles*."

§ 7.    *Identify* by *document* the Board's *review* policy, practice or procedures, for *notifying* the victim or their State statutory: "1) requested 2) assigned or 3) appointed representatives, if any, by State statute in accord with Federal Law mandates.

§ 8.    *Identify* by *document* the person, party, employee, co-worker, or otherwise, that have access to, input to said potential parole consideration by State statute and whom were *notified* of Carey's: 1) *eligibility* and 2) *consideration* for potential parole; *specifically identify* by *document* each and every person, party, employee, agent or otherwise *relating to* with how Carey's parole *eligibility* and subsequent *consideration* was allegedly assessed by the Board under State statute, in accord with Federal law mandates.

§ 9.    Please *identify* by *document* what protocol, if any, by State statute —*relating to* when inmate(s) come before the Board for either: 1) *eligibility* and then 2) for *consideration* of potential parole *review* -how Federal rights are protected in accord with both State law, under Federal law mandates in accord with both *Wilkinson v. Dotson*, [544 U.S. 74] and *Greenholtz v. Nebraska*, [442 U.S. 1] progeny's.

§ 10.    Please *identify* by *document* the Board's *review* policy, procedure-governing, *relating to denials* and upon such, what measures, if any, in existence, towards the Board's *review* policy, procedure or practice were / are utilized —*relating to* disclosing to the inmate in accord with due process under the Fourteenth Amendment the Board's *reason(s)* for a[ny] denial, *Wilkinson v. Dotson*, [544 U.S. 74] and *Greenholtz v. Nebraska*, [442 U.S. 1] progeny's.

Certification N0# 7007-0220-0000-1049-0116

§ 11.      Please *specifically identify* by *document* each and every person, party, witness's, co-defendants whom were instrumentally present *relating to* Carey's March 2006 hearing, *review* as to the three (3) specific claims alleged in the present §1983 action.

§ 12.      *Identify* by *document*, specifically *relating to* said allegation(s) against you with your named codefendants –how the Board first arrived at, that Carey was *eligible* for potential parole *consideration* when given his Ten year set up, back in 1989, or shortly thereinafter: and thence, thereinafter, subsequently *arbitrarily and capriciously* **denied** parole *consideration* setting Carey off more than three years, inapposite to Board's guidelines 640-X-3-.03 (Scale for Parole Calendar Dates) in effect when Carey was granted first *eligibility* for the propensity of potential parole and subsequently *considered* for prospective parole.

§ 13.      *Identify* by *document* each and every person, party, employee, co-defendants involved in the plenary *review*, investigation of Carey's: 1) *eligibility* and 2) *consideration* of his then, prospect for parole, and the denial, as questioned –challenged in this instant action.

§ 14.      *Identify* by *document* the person, party, agent, co-workers, whom appeared before the Board, *relating to* the day, date, time of the questioned actions, inactions and usurpation of State law: *specifically identify* by *document* a[ny] evidentiary documents, data, forms or testimony, such as the tape recording of said Board's 2006 *consideration*.

§ 15.      *Identify* by *document* any person, party, agent, co-defendant, co-worker, victim or representatives, *relating to* the subject matter at hand; inclusive to such other similar incidents in nature, as regards to the Board's policy, practice or procedures governing Alabama inmates as-applied to Carey similarly situated whom have been likewise been *reviewed* and considered for both: 1) *eligibility* and 2) *consideration* and denied parole in the month of March 2006.

§ 16.    *Identify* by *document* any, all other *reviews of* inmates, both male and female, *relating to* those whom were likewise, both "1) *eligible* and 2) *considered* for parole consideration, during the month of March in 2006" under the Board guidelines 640-X-2, and 640-X-3, *inter alia*, but were in fact similarly situated likened Carey and **denied parole** but set off more than three years under the amendatory Articles now being utilized by the Board, sequential to the 640's.

§ 17.    Please *identify* by *document* whether any other male, female -convicted and sentenced to imprisonment falling under the Board guidelines 640-X-2, 640-X-3, *inter alia*, similar to, and likened Carey's situation, degree, or nature of crime(s) which were likewise denied parole; but in fact **not** set off more than the three year mandate inapposite to Carey's set-off in the first quarter of 2006.

## IV    **REQUEST FOR ADMISSIONS:**

The foregoing admissions, as requested hereinafter are presented and maintained for judicial scrutiny under the doctrine of both State law and "*Wilkinson*, and *Greenholtz*," progeny's, as follows:

§ 18.    Admit or deny that Carey was given **after** sentencing his "*initial parole consideration*," day, date commonly known as, or called "a parole calendar date" by the Board's guidelines 640-X-2-.02, sections (1 –8) (Scheduling Cases for Parole Consideration); if denied then, list by *document* how the Board derived at Carey's potential, prospective parole consideration date, in accord with State law and "*Wilkinson, Greenholtz*."

§ 19.    Admit or deny that a "pre-parole personnel interview with Carey was conducted within the strictures of the Board's guidelines 640-X-2-.03 (Pre-Parole Inmate Interview) by the agent at Limestone Correctional Facility" (hereinafter "LCF") whereupon completion of such, if any, of said "*written report*" was then submitted to the Board for "*proper findings* and *evaluation*," prior to parole *consideration*, if admitted then *specially identify* by *document* said compliance; if denied then, list by

*document* how the Board derived at Carey's potential, prospective parole consideration review and subsequent denial in accord with State law and "*Wilkinson, Greenholtz.*"

§ 20.        Admit or deny that "members of the Board **did** conduct their individual study and review of Carey's case **prior to** the consideration docket date of March 2006," if admitted, provide by *specific document* the Board's file review worksheet <u>or as a juridical alternative -a suitable copy thereof to the Federal magistrate for an in camera review,</u> for appropriate consideration of the Board's legislative adherence to State law mandates, in that, the Board reviewed Carey's case as mandated by the Board's guidelines 640-X-2-.05 (Preliminary Review of Docket Cases) in effect at the time of his conviction / sentence in 1989; if denied then, list by *document* how the Board derived at Carey's potential, prospective parole consideration docket date, and subsequent **denial** in accord with State law, that the Board in fact provided Carey with Federal due process protections for "*fair consideration,*" absent arbitrary and capricious reasons within: "*Wilkinson, Greenholtz.*"

§ 21.        Admit or deny that Carey's parole consideration "Notices" as required by 640-X-2-.06 (Notices of Pending Parole Consideration) were in fact sent in accord with State Act No# 83-750 (1983 session) of Alabama Legislature, or certain other amendatory actions thereinafter, if denied then, list by *specific document* how the Board derived at Carey's potential, prospective parole consideration *review,* and subsequent **denial** in accord with State law, that the Board in fact provided Carey with Federal due process protections for "*fair consideration,*" absent arbitrary and capricious reasons within: " *Wilkinson,* and *Greenholtz.* "

§ 26.        Admit or deny that Carey had a "*Protest,* either: '1) *in person* or in 2) *writing* stating a[ny] reason(s) *relating to* parole,'" within the Board's 640-X-2-.07 (Protests) guidelines, and if admitted, is it in the Board's files and was it *considered* when the Board took action in March 2006, for Carey current denial.

§ 27.        Admit or deny that the Board, or its agents conducted an individual study, *review* of Carey's case **prior to** his parole *consideration*, if admitted, *specifically identify*, and produce the prepared file review worksheet (PBF-118, rev. 4-86) *document* as-applied to Carey, in accord with the 640-X-3-.02 (Parole Review Worksheet) in effect at the time Carey was convicted / sentenced in 1996, and *identify by production of said document* the field parole officer responsible for assembling, disseminating said information, data for Carey's 2006 parole *review*.

§ 28.        Admit or deny that "a representative from either 1) the Attorney General's Office appeared before the Board on behalf of the State," or per se the victim –or both, or another *relating to* the March of 2006 *review* and spoke against Carey's consideration for parole, if admitted was said office, officers, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document*.

§ 29.        Admit or deny that "a representative from the Governor's Office appeared before the Board on behalf of the State," or per se the victim –or both, *relating to* the March of 2006 *review* and spoke against Carey's consideration for parole, if admitted was said office, officers, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document*.

§ 30.        Admit or deny that "Mrs. Shehane a representative from VOCAL, appeared before the Board on behalf of the victim," *relating to* the March of 2006 *review* and spoke against Carey's consideration for parole, if admitted was said office, officer's, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document*.

§ 31.        Admit or deny that "Mrs. M. Shehane appeared before the Board on behalf of: '1) victim, 2) State, or 3) otherwise,'" *relating to* the March of 2006 *review* and spoke against Carey's

consideration for parole, if admitted was said appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document.*

§ 32.    Admit or deny that Carey was granted prospective *consideration* for potential parole by the Board after his conviction in 1989 as promulgated by 640-X-2-.02 for the year of 2006, or before, if **denied**, then state the day, month and year set as promulgated by State law, or the Board's 640-X-3-.03 guidelines, *specially identify* by *document.*

§ 33.    Admit or deny that the Board, or its authorized agent, employee afforded the victim the form to either: "1) *request a thirty (30) day Notification* or 2) *a waiver of Notification,*" before the Board *considered* Carey's 2006 parole *review* in accord with 640-X-3-.05 strictures (Victim's Request or Waiver of Notice):

> "(a) If admitted, then produce by production of *document* the form utilized by the
> Board, protecting Carey's fundamental rights; and, under the victim's notification
> act, that the Board's actions were in fact fair, proper in accord with State law and
> *Wilkinson,* and *Greenholtz, supra.*"

§ 34.    Admit or deny on the day, date, and time of Carey's hearing in March 2006 that the Board had, either: "1) invoked, 2) requested or 3) allowed for additional comments, protests from either: '1) Mrs. M. Shehane or 2) any others,'" if admitted state with certainty whom, and the nature of the protest, *relating to review* –and *specify by document* in accord with State law and "*Wilkinson,* and *Greenholtz," supra.*

§ 35.    Admit or deny that the Board's actions governed by State law under 640-X-3-.06 (Action by Board) *relating to review* were properly, fairly considered, if admitted -then produce *by document* the Board's form (CO FORM 501 Rev. 6/82) in accord with State law and "*Wilkinson,* and *Greenholtz," supra.*

§ 36.        Admit or deny that either you Riley and / or King or both, have –has or continues to speak, remain in contact with the above subject Defendants –listed as Wynn, Weatherly, and Longshore inclusive to M. Shehane at VOCAL weather by phone, facsimile, or otherwise concerning inmates as a whole, as-applied to Carey's instant accusations against you two (2) Defendants towards: 1) *eligibility* and / or 2) *consideration* either prior to said set certain parole hearings, or at the parole hearings, if admitted, produce by *documents*, said conversations disclosing evidentiary materials concerning the issue of conspiracy.

§ 37.        Admit or deny that either Riley / King have –had a political agenda, to support the conviction of violent offenders to longer periods of incarceration –imprisonment with longer periods of incarcerations –imprisonment under Title 42 USCS Section 20103 in accord §13702, *inter alia*, (Violent Offender Incarceration and Truth-In-Sentencing Incentive Grants under Section 20104 in accord with 42 USCS §13704(a)(1)(A)(i), *inter alia*, affording Alabama *eligible* for grants from the Federal government, if not state with specificity why Alabama has not yet qualified..

§ 38.        Admit or deny that, as Governor (Riley) or Attorney General (King) –Alabama has – had in fact applied for "*Truth-In-Sentencing*, incentive grants under 42 USCS §13703(b)(1)(2) predicating, demonstrating that an "*increase by percentages of persons arrested for violent crimes*" not only sentenced to prison, but that the new *guidelines* adopted by Alabama call for "*increasing the average prison time actually served*," allowing for the most part the Board defendants to utilizing the eighty-five (85%) doctrine even upon Carey when such was not in effect at the time of sentencing.

§ 39.        Admit or deny that, a State would "*receive*" additional amounts for increased rate(s) of incarceration and for percentage(s) of time served under 42 USCS §13703(c), *inter alia*.

§ 40.        Admit or deny, that as a State –Alabama has to submit an application to the Attorney General (Honorable Troy King) that provides assurances that the State has implemented, or will

implement, correctional polices and programs, including truth-in-sentencing laws that ensure that violent offenders serve substantial proportion of the[re] sentences imposed –under 42 USCS §13703.

§ 41.        Admit or deny that Alabama has qualified for such grants.

§ 42.        Admit or deny that Alabama legislatures have yet to pass or promulgate the "Truth-In-Sentencing" known as the eighty-five (85%) law.

§ 43.        Admit or deny that Alabama is currently making it's inmates due eighty-five (85%) of their time, before being paroled.

§ 44.        Admit or deny that Alabama is currently granting *eligibility* for parole consideration under the eighty-five (85%) doctrine.

§ 45.        Admit or deny funds shall not be available to Alabama pursuant to 42 USCS Section 20104 of the Violent Crime Control and Law Enforcement Act of 1994 unless Alabama has fully implemented programs of controlled substance testing and intervention for appropriate categories of convicted offenders during periods of incarceration . . . with sanctions including denial or revocation of release for positive controlled substance testing, consistent with guidelines issued by the Attorney General. [Act. Sept. 30, 1996 P.L. 104-208, Div. A, Title I, §101(a), 110 Stat. 3009-14].

§ 46.        Admit or deny that Alabama has increased by ten (10%) or more over the most recent three (3) year period the number of new court commitments to prison of persons convicted of violent crimes, if admitted, produce by *document* those convicted likened Carey's crime.

§ 47.        Admit of deny that Alabama has more inmates coming into the prison system per ratio of inmates –inapposite to those being released on parole per ratio likened Carey whom are *eligible* for parole, but are in fact denied, under the new Amended "*Articles*" which came into existence after 2000.

§ 48.       Admit or deny that at the time Carey was convicted and sentenced in 1989 that Chapter 640-X-2.01's through 2.15's and Chapter 640-X-3-.01 –11's were in effect at that time.

§ 49.       Admit or deny that your attached "Special Report" (filed 3/13/08) had no *"sworn statements –having personal knowledge of the subject matter of the complaint."* **Cf.** Court Order 2/01/08 @ pp.1 –2 ¶ 2.

§ 50.       Admit or deny that your attached "Special Report (filed 3/13/08) had not supplied copies –either *"relating to or involving plaintiffs' claim or defendants' defenses –regarding the application of administrative rules, regulations or guidelines."* **Cf.** Court Order 2/01/08 @ p. 2 ¶ 3.

§ 51.       Admit or deny that your attached "Special Report (filed 3/13/08) had not supplied copies *"addressing the claims presented by plaintiff* [Carey]," by failing to *"furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief."* **Cf.** Court Order 2/01/08 @ p. 2 ¶ 3.

§ 52.       Admit or deny that your attached "Special Report (filed 3/13/08) had –has requested at page 2, ¶ 7 that this *"Court consider this report as a Motion for Summary Judgment."*

§ 53.       Admit or deny that your attached "Special Report (filed 3/13/08) had not, prior to said filing of said summary judgment motion, *"requested permission for leave to file such summary judgment motion by the Court,"* prior too, as Court Ordered February 1st, 2008 at p. 2 ¶ 5, if admitted state reasons for such disobedience, indifference –prejudice towards, both this Court and Carey.

§ 54.       Admit or deny that your attached "Special Report (filed 3/13/08) had in fact, in said filing of said summary judgment motion –presented to both this Court and Carey the *"Summary Judgment Standard,"* at pages 2 –3.

Certification N0# 7007-0220-0000-1049-0116

§ 55.    Admit or deny that your attached "Special Report (filed 3/13/08) had in fact, in said filing of said summary judgment motion, presented *"single sentence statements,"* denying Carey's allegations, absent any attached Affidavits by either Riley or King.

§ 56.    Admit or deny that your attached "Special Report (filed 3/13/08) had in fact, in said filing of said summary judgment motion, at pages 3 –4, under *"Arguments of Fact and Law,"* referenced two (2) current, pending similar cases as Carey's in regards to said same, similar claims, issues as: 1) Brown vs. Ala. Bd. of Pardon & Paroles, 2:07-CV-1123-MHT (WO); and 2) Charest vs. Ala. Bd. of Pardon & Paroles, 2:07-CV-984-MHT (WO).

§ 57.    Admit or deny that your attached "Special Report (filed 3/13/08) had in fact, in said filing of said summary judgment motion, at pages 3 –4, under *"Arguments of Fact and Law,"* mentioned, that: *"Defendants Troy King and Bob Riley were dismissed from suit prior to service . . ."*

§ 58.    Admit or deny that both said cases: 1) *Brown*, 2:07-CV-1123-MHT, and 2) *Charest*, 2:07-CV-984-MHT are in fact still pending, before the Middle District Court, and that, both Brown and Charest had in fact, by law also filed: Objections, preserving the denial, dismissal of both *"Defendants Riley and King,"* timely in those two (2) cases.

§ 59.    Admit or deny that, under this Circuit's holdings, a case is not considered binding until it's been fully exhausted, not only in this District but also the Appellate Courts too.

§ 60.    Admit or deny that your attached "Special Report (filed 3/13/08) had in fact, in said filing of said summary judgment motion, at pages 3 –4, under "*Arguments of Fact and Law,*" stated: *"Mr. Carey's allegations of conspiracy are without merit and defendants are due to be dismissed form this case."* If admitted, state for both this Court and Carey why you Riley / King failed to present such mere conclusory "statement" absent first hand knowledge or under the penalty of perjury to legally refute Carey's "now unchallenged §1983 Complaint," under the holdings of *Fullman v.*

*Graddick*, 739 F.2d 553 (1984), whereas such holding states: "[W]hen a motion for summary judgment is made and **supported as provided in this rule** . . ."

§ 61.      Admit or deny that "*mere verification of party's own conclusory allegations is not sufficient to grant summary judgment*," under Rule 56(c), Federal Rules of Civil Procedures, in accord with *Celotext Corp. v. Catrett*, 477 U.S. 317, 323 –24, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(defenses that are factually unsupported).

§ 62.      Admit or deny, as the moving party for "Summary Judgment" at this juncture, preliminary stage –it's your intent to force Carey to come forward with at least one sworn averment of specific fact. If admitted, specifically state to both this Court, and Carey why Riley / King failed to support their allegations with such "sworn averment," to initiate shifting the burden upon Carey – even though this Court on February 1st, 2008 ordered all parties not to file for summary judgment . . . without permission of the court."

§ 63.      Admit or deny, as the moving party for "Summary Judgment" that said party always bears the burden of persuasion on such a motion.

§ 64.      Admit or deny, as the moving party for "Summary Judgment" that said party –likewise **must** make a prima facie showing that summary judgment is appropriate under Rule 56.

Done so this *18* day of *March*, 2006.

Respectfully Submitted,

ANTHONY L. CAREY,
Pro se  #152763
LIMESTONE    FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

20

Certification N0# 7007-0220-0000-1049-0116

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the I & I's and ADMISSIONS and Request for Production motion upon said Defendants, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail,[1] Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows:

1)   Office of the Attorney General
     C/O J. Matt Bledsoe, Assistant Att'y. Gen.
     11 South Union Street
     Montgomery, Alabama 36130

2)   Defendants Wynn, Weatherly, Longshore et. al.,
     C/O Chief Counsel Honorable Hugh Davis
     Attorney for Alabama Pardon & Paroles
     301 South Ripley Street
     Post Office Box #302405
     Montgomery, Alabama 36130

3)   M. Shehane, VOCAL
     Alabama State Capitol
     Montgomery, Alabama 36130

Done so this _18_ day of _March_, 2008.

                                        Respectfully Submitted,

                                        _Anthony L. Carey_
                                        ANTHONY L. CAREY
                                        Pro -se # 152763
                                        LIMESTONE   FACILITY
                                        28779 NICK DAVIS ROAD
                                        HARVEST, ALABAMA
                                        35749-7009

---

[1]   Carey asserts that the Certification Card Number hereinafter ascribed #7007-0222-0000-1049-0116 was placed upon these Interrogatories & Admissions, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.



Mail

Montgomery, Ala 36101

Post Office Box 711

Court Hon Debra Hackett

United States District

2:08-cv-1106-MHT

Atmore, Ala 37749

2875 Nick Davis Rd

Coley, Anthony # 152763

Legal

HUNTSVILLE 358

USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER