## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

ANTHONY L. CAREY, #152763 )
)
        **Plaintiff,** )
)
)
v. )     **Case #2:07-CV-1106-MHT**
)
)
)
**ALABAMA BOARD**
 **OF PARDONS & PAROLES, et al.,**)
)
       **Defendants.** )

## SUPPLEMENTAL SPECIAL REPORT

Come now Robert Longshore, Bill Wynne and Velinda Weatherly, pursuant to the Court's Order dated June 3rd, 2008 and Order dated March 28th, 2008, and show unto the Court as follows:

### DEFENDANT'S UNDERSTANDING OF THE COURT'S ORDERS

The Court has directed the Defendant's to address Plaintiff's claims that his denial of parole was based on erroneous/false information, that his parole was denied in violation of his equal protection rights, and that the Defendant's violated the Ex Post Facto Clause by applying its current rules/regulations to Plaintiff's case.

1

**EXHIBITS**

| | |
|---|---|
| Exhibit A | Ala. Code §15-22-36 |
| Exhibit B | Board Order adopting 2001 Procedural Rules, with Article Six attached |
| Exhibit C | Board Order adopting 2001 Procedural Rules, with Article Two attached |
| Exhibit D | Board Order adopting 2004 Procedural Rules, with Article Two attached |

**DEFENDANT'S POSITION**

*Erroneous/false information claim:*

Defendant's have denied Plaintiff's conclusory allegation and stated in their affidavit's that parole was denied because they were not satisfied that Plaintiff was ready to be released on parole. *See affidavits submitted with Defendant's Special Report.*

In *Monroe v. Thigpen, 932 F.2d 1437 (11th Cir.1991),* the court held that reliance on "admittedly" false information to deny parole was arbitrarily and capricious treatment that violated the constitution. However, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2nd 940 (11th Cir. 1982).* The Slocum court held that prisoners do not state a due process claim by merely asserting that erroneous information exist in a prison's file. Moreover, prisoner cannot make a conclusory allegation regarding the use of false information as the basis of a due process claim. *Jones v. Ray, 279 F.3d 944, 946 (11th Cir.2001).*

Plaintiff appears to object to testimony presented to the Parole Board at their open public meeting by certain elected officials and victims groups. It appears his specific objection deals with being characterized as having "violent behavioral problems" *(see Complaint)*.  Plaintiff is serving a sentence for Murder – violent behavior. Notwithstanding the Defendants had before them the Plaintiff's prior record and nature and severity of the present offense, pursuant to *Ala. Code §15-22-24(e)* that requires the same. *Alabama Code §15-22-36(d) and (e)(1)* also requires the Parole Board to allow certain elected officials and victims the opportunity to present their views, in person or in writing, concerning the parole of an inmate *(Exhibit A)*. Their testimony at the Defendant's open public meeting is no different than a witness giving testimony to a judge in court. The truthfulness of witness testimony can not be controlled. However, if it is known to be false the judge or the Parole Board should not consider it in making their decisions or findings.

Plaintiff must show that the Defendants accepted false information and that they relied upon the same. The Parole Board members do not state specific reasons for denying parole, nor is it a requirement (*Tedder v. Ala. Bd. Pardons and Paroles, 677 So.2d 1261 (Ala.Crim.App.1996))*.  Absent knowing the Defendant's thought process the

Plaintiff can not prove what was relied upon in making the denial decision.

Plaintiff has failed to show that false information was presented to the

Defendants and/or that the Defendants "knowingly" relied upon false

information in denying his parole.

*Equal Protection claim:*

In order to establish a claim cognizable under the Equal Protection

Clause, a prisoner must demonstrate the (1) he is similarly situated with

other prisoner who received more favorable treatment; and (2) his

discriminatory treatment was based on some constitutionally protected

interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2*

*929, 932-33 (11th Cir. 1986); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir.*

*2001).* Moreover, to succeed on an equal protection challenge, the plaintiff

must also demonstrate the existence of discriminatory intent; arbitrary

application of prison rules without discriminatory intent is insufficient to

demonstrate a violation of the Equal Protection Clause. *Jones v. White, 992*

*F.2d 1548, 1573 (11th Cir. 1993); E&T Realty v. Strickland, 830 F.2d 1107*

*(11th Cir. 1987).* Official action will not be held unconstitutional solely

because it results in a disproportionate impact. Proof of discriminatory intent

or purpose is required to show a violation of the Equal Protection Clause.

Where a plaintiff challenges actions of parole officials, exceptionally clear

proof of discrimination is required. *Fuller v. Ga.Bd. of Pardons and Paroles,*
*851 F2d. 1307, 1310 (11th Cir. 1988).*

In the case at bar, Plaintiff has failed to show that he is similarly
situated with others and/or that the disparity in treatment was due to a
protected class to which he may belong. Furthermore, Plaintiff has failed to
establish any discriminatory intent on the part of the Defendants.

<u>*Ex Post Facto claim:*</u>

Plaintiff claims the Board violated the Ex Post Facto Clause when
they applied their current operation procedures to his case. He states that the
current operating procedures were not in effect when he entered prison and
that the old procedures should apply to him. However, Plaintiff fails to state
what change was applied to him that violates the Ex Post Facto Clause.

To establish an ex post facto violation concerning the Parole Board
changing their operating procedures Plaintiff must show that the change
created a substantial likelihood that he will serve a longer sentence than he
otherwise would have as a result of that change.

The issue of whether or not the Board's Operating Procedures violate
the *Ex Post Facto Clause* has already been addressed by the United States
Supreme Court. The Defendant's current Operating Procedures are modeled

after procedures adopted by the Georgia Board of Pardons & Paroles and upheld by the U.S. Supreme Court, *Garner vs. Jones*, 120 S.Ct. 1362 (2000). In *Garner* the Supreme Court held that "retroactive application of {Georgia} Parole Board's amended rule, changing frequency of required reconsideration hearings for inmates serving life sentences from every three years to every eight years, did not necessarily violate Ex Post Facto Clause". To establish an ex post facto violation the inmate must show that there is a substantial likelihood that he will server more time than he otherwise would have.

The Alabama Parole Board has modified their operation procedures since Plaintiff has been in prison. However, they did so in light of the *Garner* decision by making similar changes that had been upheld in the *Garner* decision.

Since there is not entitlement to parole in Alabama the Defendants could consider Plaintiff for parole as often as he wishes or the Court directs - but they can not be made to parole the Plaintiff. The Defendants could simply continue to deny parole and have Plaintiff serve his entire sentence. On the other hand, if Plaintiff can demonstrate and convince the Defendants that he is a good candidate for parole, they can consider him for parole earlier than he is now set.

This being the case, it is almost impossible for an inmate to establish that changes in the Parole Board's operational procedures will substantially increase the likelihood that they will serve more time. The fact parole is denied and the Plaintiff has to serve more of his sentence does not violate the Ex Post Facto Clause.

Defendant's admit that their policy, prior to March 2001, limited resets following a denial to a maximum of three years. In March 2001 the policy was changed to allow for a reset up to five years following a denial *(Exhibit B)*. However, the March 2001 change also included provisions where by an inmate denied parole may request review by the Parole Board's Review Committee, after he has served 24-months *(Exhibit C)*. That rule was subsequently changed in February 2004 to allow for the Review Committee to review a denial after only 18-months *(Exhibit D).* By having this process Plaintiff can not make a showing that there is a substantial likelihood that he will serve more time than he otherwise would have. These procedures are similar to the one's the court review in the *Garner* case and upheld as not violating the Ex Post Facto Clause.  The Plaintiff's denial of parole in 2007 did not violate the Ex Post Facto Clause *(Exhibit E).*[1] It is very important to note that the Board's reset following his denial of parole

---

[1] Plaintiff was set for parole consideration on the Board's November 2006 docket. However, that docket was not heard until 2007. Plaintiff was denied parole 3-3-2007. All references to the 2006 denial actually refers to the 3-3-2007 denial.

was three years (3-27-2007denial to 3-2010 reset), which was the standard under the old rules. Plaintiff can not show where the change in that rule adverse affected him.

*Objection to discovery of Defendant's records:*

Defendants move the Court to deny any discovery request of its parole file materials. Parole files in Alabama are privileged pursuant to *Ala. Code §15-22-36(b) (see Exhibit A)*. Relevant procedures and Board Orders not privileged have been provided as exhibits herein.

## Conclusion

The Complaint fails to state a claim upon which relief may be granted.

Plaintiff has failed to establish that the Defendant's relied upon false information in making their decision to deny parole. In fact, his only claim seems to be victims characterizing him as one with violent behavioral problems, remembering he is serving time for Murder.

Plaintiff has failed to establish an equal protection claim. He wants to compare himself with non-violent offenders and be treated similarly. He has failed to show that he is similarly situated with others who have been treated more favorably.

Plaintiff has failed to establish that his 2006 parole denial violated the Ex Post Facto Clause. The Defendants changed their maximum set off for

reconsideration from three to five years. However, there are procedures in place where inmates can be reviewed for early parole consideration, provide change circumstances merit the same. Proving that the Defendant's actions in making this change creates a substantial likelihood that an inmate will serve more time than he otherwise would have is almost impossible. Even if the Board considered Plaintiff for parole every year it is still within their discretion to deny parole each time until the Plaintiff has served his entire sentence. It should be noted that the rule change did not adversely affect the Plaintiff since he was set off only three years, as he would have been under the old rules.

Plaintiff has failed to state a claim upon which relief may be granted and the Defendant's are entitle to judgment as a matter of law. Nor is Plaintiff entitled to discovery of Defendant's privileged file material.

Respectfully submitted,

s/STEVE SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
steve.sirmon@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such

filing to the following: (None), and I hereby certify that I have mailed by

United States Postal Service the document to the following non-CM/ECF

participants:

**ANTHONY CAREY #152763
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA  35749-7006**

Done this 13th day of June, 2008.

Respectfully submitted,

s/STEVE SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
steve.sirmon@paroles.alabama.gov

Westlaw.

Ala.Code 1975 § 15-22-36

**C**Code of Alabama <u>Currentness</u>
   Title 15. Criminal Procedure. <u>(Refs & Annos)</u>
     Chapter 22. Pardons, Paroles and Probation. <u>(Refs & Annos)</u>
       <u>Article 2.</u> . Pardons and Paroles. <u>(Refs & Annos)</u>

→ **§ 15-22-36. Authority to grant pardons and paroles, remit fines and forfeitures, etc.; notice of board action.**

(a) In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures.

(b) Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or forfeiture, or restoration of civil and political rights shall enter in the file his or her reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged.

(c) No pardon shall relieve one from civil and political disabilities unless specifically expressed in the pardon. No pardon shall be granted unless the prisoner has successfully completed at least three years of permanent parole or until the expiration of his or her sentence if his or her sentence was for less than three years. Notwithstanding the foregoing, a pardon based on innocence may be granted upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his or her innocence of the crime for which he or she was convicted and the written approval of the judge who tried his or her case or district attorney or with the written approval of a circuit judge in the circuit where he or she was convicted if the judge who tried his or her case is dead or no longer serving.

(d) The Board of Pardons and Paroles shall have no power to grant a pardon, order a parole, remit a fine or forfeiture, or restore civil and political rights until 30 days' notice that the prisoner is being considered therefor has been given by the board to the Attorney General, the judge and the district attorney who tried the subject's case, the chief of police in the municipality in which the crime occurred, if the crime was committed in an incorporated area with a police department, and to the sheriff of the county where convicted, and to the same officials of the county where the crime occurred if different from the county of conviction; provided, however, that if they are dead or not serving, the notice shall be given to the district attorney, incumbent sheriff and one of the judges of the circuit in which the subject was convicted.

(e)(1) Until and unless at least 30 days' written notice of the board's action to be considered has

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Ala.Code 1975 § 15-22-36

been given by the board to the victim named in the indictment, or if the victim is deceased as a result of the offense, the victim's immediate family, the Board of Pardons and Paroles shall have no power or authority to in any way approve or order any parole, pardon, remission of fine or forfeiture, restoration of civil and political rights, furlough, leave or early release of a person convicted of the following offenses:

a. A Class A felony.

b. Any felony committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be designated a Class A felony.

c. Any felony involving violence, death or any physical injury to the person of another.

d. Any felony involving unlawful sexual assault or other unlawful sexual conduct on the person of another.

e. Any felony involving sexual assault, or a lewd or lascivious act upon a child under the age of 16 years or attempt thereof.

f. Sexual abuse or any other criminal conduct committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be defined as sexual abuse under the Alabama Criminal Code.

g. Child abuse or any criminal conduct committed prior to the first day of January, 1980, which if committed after the first day of January, 1980, would be defined as child abuse under the Alabama Criminal Code.

h. Sodomy or any criminal conduct committed prior to the 1st day of January, 1980, which if committed after the 1st day of January, 1980, would be defined as sodomy under the Alabama Criminal Code.

i. Any violation of Section 13A-6-69, as amended.

(2) The notice shall be given by U.S. mail, certified mail, return receipt requested, and shall include:

a. The name of the prisoner or defendant involved.

b. The crime for which the prisoner or defendant was convicted.

c. The date of the sentence.

d. The court in which the conviction occurred.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Ala.Code 1975 § 15-22-36

e. The sentence imposed.

f. The actual time the prisoner has been held in confinement, as computed by the Department of Corrections, without regard to the operation of any incentive good time, or other good time laws.

g. The action to be considered by the board.

h. The date, time, and location of the board meeting at which the action is to be considered.

i. A statement that all persons required to be notified under the provisions of this section will be allowed, at their option, to either appear before the board or give their views in writing.

Notice for robbery victims who were robbed while on duty as an employee of a business establishment shall be sufficient if mailed to the last address provided by the victim or as otherwise noted on the indictment or in the board files.

(3) Provided however, if the victim is a child the notice shall be given to the parents of the victim, or in the event there is no parent, to the guardian of the victim. If the victim was a minor at the time of the offense, but has attained majority by the time the notice is sent, the notice shall be directed to the victim. Provided further, if the victim is deceased as a result of the offense, the notice shall be given to the surviving members of the victim's immediate family, as defined by the operating procedures of the Board of Pardons and Paroles, or in the event there is no immediate family, to a relative of the victim, if any. Provided further, such notice may be waived in writing by any person who is entitled to receive such notice.

(4) If the victim requests not to be notified, a certified notice shall be sent to the victim confirming that request and advising him or her that no further notices of board hearings shall be sent unless he or she subsequently contacts the board and submits a written request to be notified of hearings in the future. Mailing of the certified notice shall constitute confirmation unless the certification is returned due to an incorrect address.

(5) The board shall exercise due diligence to locate victims to notify them of hearings. If all attempts to locate a victim have failed and the agent of the board has certified that due diligence has been exercised, no future attempts shall be required to locate that victim. At any time the victim may contact the board and request that the board notify the victim of all future hearings.

(f) After any board action is taken granting any pardon or parole, the board shall promptly notify all persons who are entitled to notice, pursuant to any provision of this section as to the action taken by the board and the conditions, if any, of any such parole or pardon.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Ala.Code 1975 § 15-22-36

(Acts 1939, No. 275, p. 426; Code 1940, T. 42, § 16; Acts 1951, No. 599, p. 1030; Acts 1983, No. 83-750, p. 1249, § 2; Act 2004-565, p. 1326, § 1.)

HISTORY

Amendment notes:

**The 2004 amendment,** effective May 21, 2004, in subsection (b) inserted "or her"; in subsection (c) substituted ". No" for "; and no", inserted "or her" in five places, substituted ". Notwithstanding the foregoing, a pardon based on innocence may be granted" for ", except", and inserted "or she" in two places; in subsection (d) deleted "written" following "days'", substituted "municipality" for "city", substituted "an incorporated area with a police department" for "a city", and substituted "the notice" for "such notice"; in subsection (e) inserted "Until and unless at least 30 days' written notice of the board's action to be considered has been given by the board to the victim named in the indictment, or if the victim is deceased as a result of the offense, the victim's immediate family, the", substituted "convicted of the following offenses" for "who has been convicted of", in paragraph i. deleted "; until and unless at least 30 days written notice of the board action to be considered has been given by the board to the victim" following "amended", in subdivision (2) substituted "The notice" for "Such notice", in paragraph c. substituted "sentence." for "conviction;", in paragraph f. inserted ", as computed by the Department of Corrections,", in paragraph h. substituted "; and" for the period, and added the undesignated paragraph following paragraph i., in subdivision (3) substituted "the victim, or" for "such victim, or", substituted "of the victim." for "of such victim", added the second sentence, substituted "the victim is deceased as a result of the offense, the" for "such victim is deceased such", substituted "the victim's" for "such victim's", inserted "as defied by the operating procedures of the Board of Pardons and Paroles,", and substituted "the victim, if" for "such victim, if", and added subdivisions (4) and (5); and made nonsubstantive changes.

Code Commissioner's Notes

Acts 1983, No. 83-750, which amended subsection (d) and added subsections (e) and (f), provides in § 4 that the provisions of this act are supplemental to any laws not directly in conflict herewith and shall be construed in para materia with other laws applicable to pardons and paroles in criminal cases.

Acts 1997, No. 97-208, provides: "That the Alabama Board of Pardons and Paroles is strongly urged to immediately begin conducting hearings concerning applications for a pardon, irrespective of the prior receipt of written approval of any judicial official."

CROSS REFERENCES

As to restoration of right to vote by pardon, see § 17-3-10.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# ALABAMA BOARD OF
# PARDONS & PAROLES

## MINUTE ENTRY & BOARD ORDER

On Wednesday, 21 March 2001, the Board convened an open public meeting, with all members present. The Board and the senior staff extensively discussed the proposed procedural rules. During the course of this discussion, various changes were made and agreed upon.

It is, therefore **ORDERED** that the attached rules of procedure be and they are hereby adopted. The Executive Director shall take reasonable steps to ensure that these rules of procedure are available to the public. All previous orders governing these procedures are hereby repealed. The Executive Director shall inform the Legislative Reference Service that the rules on file with that agency are withdrawn and repealed.

**DONE this 21st day of March, 2001.**

**APPROVED:**                                    **DISAPPROVED:**

_____                          _____
Johnnie Johnson, Jr.                             Johnnie Johnson, Jr.
Chair                                            Chair

_____                          _____
Gladys Riddle                                    Gladys Riddle
Member                                           Member

_____                          _____
Nancy Conn McCreary                              Nancy Conn McCreary
Member                                           Member

**EXHIBIT**

B

**Article Six**

**Board Action on Pardons, Paroles, Remissions of Fines and Forfeitures and Conditional Transfers**

1) On the date set for consideration, the Board will convene its open public meeting at the appointed place, at the appointed time or as soon thereafter as practicable.

2) When the Board convenes its open public meeting to consider the matters on its docket, the bailiff shall notify all persons in the waiting rooms.

3) The Board will consider each case on the docket in such order as the Board may direct.

4) All persons giving testimony before the Board shall testify under oath or affirmation.

5) The individuals asking the Board to grant relief will be afforded the first opportunity to state the reasons relief ought to be granted. The officials and individuals entitled to notice under the statute will next be afforded an opportunity to express their views. The Board may, in its discretion, permit any other person to offer information that might be helpful in making its decision. The Board may question any person appearing before them. If a member of the Board desires information from any person not present, the Board may recess while the Board seeks to contact that person.

6) After the Board has received the available information, the Chair or other member presiding shall ask whether the Board is ready to take action. If any member is not ready to take action, he shall state whether additional information is needed, and if so, what that information might be. If the needed information cannot be obtained during the meeting, the Board shall decide whether to proceed without that information or to schedule another meeting.

7) If any Board member desires, the Board may discuss the case before taking action. When the Board is prepared to take action, the members shall enter into the file their votes for or against the relief sought. Any member favoring the order of relief shall enter into the file a detailed written statement of the reasons that they believe the relief is proper.

8) If the requisite number of votes have been cast in favor of the relief that shall constitute an order for the relief, which shall become effective if not withdrawn by the Board in a timely manner.

9) If a quorum may grant relief and the Board members present are evenly divided the case shall be continued to a date certain and that date shall be announced in the open public meeting.  Only one continuance shall be scheduled.

10) When each Board member has entered his vote, or declined to do so, the Secretary of the Board shall determine whether the requisite number of affirmative votes appears of record and that the record contains the detailed statements of each affirmative voting Board member's reasons for ordering the relief and that the order is accurately executed including proper dates. If so, the Secretary shall announce that the Board has ordered the relief sought. If not, the Secretary shall announce that the relief has been denied.

11) If parole has been denied, the Board shall determine whether and when the case shall next be docketed for consideration, not to exceed five (5) years.

12)    If at any time a quorum is not present, the Board shall stand in recess until a quorum is present. If a quorum is not present at the end of the day, or if it becomes apparent that a quorum probably will not be present that day, all cases that have not been decided shall be rescheduled for further consideration as early as is practicable, consistent with statutory requirements.

13)    If only two members of the Board are present to hear a case requiring unanimous approval, the Board may pass over that case to hear other cases on the docket, pending arrival of the remaining member. If the third member does not return that day, the Board may offer those present an opportunity to express their views, and the two members present may ask questions, but the two members shall not deliberate in the absence of the third member. The case shall be continued to a date certain which shall be announced in open public meeting, at which time the entire Board will take action.  Only one continuance shall be scheduled.

# ALABAMA BOARD OF
# PARDONS & PAROLES

## MINUTE ENTRY & BOARD ORDER

On Wednesday, 21 March 2001, the Board convened an open public meeting, with all members present. The Board and the senior staff extensively discussed the proposed procedural rules. During the course of this discussion, various changes were made and agreed upon.

It is, therefore **ORDERED** that the attached rules of procedure be and they are hereby adopted. The Executive Director shall take reasonable steps to ensure that these rules of procedure are available to the public. All previous orders governing these procedures are hereby repealed. The Executive Director shall inform the Legislative Reference Service that the rules on file with that agency are withdrawn and repealed.

**DONE this 21st day of March, 2001.**

**APPROVED:**                                                    **DISAPPROVED:**

_____                  _____
Johnnie Johnson, Jr.                                        Johnnie Johnson, Jr.
Chair                                                                 Chair

_____                  _____
Gladys Riddle                                                   Gladys Riddle
Member                                                             Member

_____                  _____
Nancy Conn McCreary                                    Nancy Conn McCreary
Member                                                             Member



EXHIBIT

C

**Article Two**

**Rescheduling of Consideration**

1) After a prisoner has served a minimum of five years, he may initiate contact with the parole officer assigned to his institution or the Board's Central Office, who may review the prisoner's progress to determine whether it may be appropriate to schedule earlier parole consideration. Such a rescheduling may be granted only for good cause shown such as a prognosis of imminent death or a recommendation from the prosecuting attorney or the sentencing judge, and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the rules in prison. If, after appropriate inquiry or investigation, the officer or agent is persuaded that earlier consideration may be proper, he may refer the matter to the Review Committee for consideration. He shall enter in the file the facts supporting his recommendation.

2) Cases involving inmates facing imminent death may be referred to the Review Committee at any time.

3) The Review Committee shall consist of no fewer than five members designated by the Board. Three members constitute a panel. The members shall be senior staff or employees having five years or more experience in the Central Office.

4) The Review Committee may review any cases referred to them for earlier parole consideration, and determine whether it appears to be consistent with society's interest to schedule earlier parole consideration. If at least three Committee members reviewing a case concur in the action, they may reschedule parole consideration earlier than the docket previously set. They shall enter into the file a written statement of the action taken and the reasons for that action, and shall indicate which members of the Committee favored or declined to favor the action. The Board shall be informed of the Review Committee's action. The Review Committee's actions shall take effect thirty days after the Board is notified, unless any individual Member of the Board orders that the case be reviewed by the Board, in which case it shall not be effective until after the Board has acted.

5) If the Board reviews a rescheduling recommendation, the case shall be docketed on a rescheduling docket. A member of the Review Committee shall attend the Board's meeting and explain the reasons underlying the recommendation to reschedule the consideration set date. The individuals listed in §§15-22-23 and 15-22-36 will be notified and afforded an opportunity to comment and to raise questions about the recommendation. The Board will not attempt to determine at such meeting whether to grant parole.

6) The Executive Director may refer any case to the Review Committee to consider whether rescheduling of consideration is appropriate.

7) The Review Committee shall not review any case after the Board has denied parole on the sentences being served, except as provided herein.

8) If the Board has denied parole, and scheduled the next consideration more than three years after denial, the Committee may consider earlier scheduling, but such review shall not begin earlier than twenty-four months after the Board has denied parole.

## STATE BOARD OF PARDONS AND PAROLES

### BOARD ORDER

On Monday, 23 February 2004, the Board, convened an open public meeting, with all regular members present. The Board and the senior staff discussed proposed changes to the current rules. During the course of this discussion, various changes were made and agreed upon.

It is, therefore, **ORDERED** that the attached rules of procedure be and they are hereby adopted. The Executive Director shall take reasonable steps to ensure that these rules of procedure are available to the public. All previous orders governing these procedures are hereby repealed.

Done this the 23rd day of February, 2004.

**APPROVED**                                    **DISAPPROVED**

_____                         _____
SIDNEY T. WILLIAMS                              SIDNEY T. WILLIAMS
CHAIRMAN                                        CHAIRMAN

_____                         _____
NANCY CONN McCREARY                             NANCY CONN McCREARY
ASSOCIATE MEMBER                                ASSOCIATE MEMBER

_____                         _____
VELINDA A. J. WEATHERLY                         VELINDA A. J. WEATHERLY
ASSOCIATE MEMBER                                ASSOCIATE MEMBER

EXHIBIT

D

## Article Two
## Rescheduling of Consideration

1.    After a prisoner has served a minimum of five years, he may initiate contact with designated officers in the Board's Central Office, who may review the prisoner's progress to determine whether it may be appropriate to schedule earlier parole consideration. Such a rescheduling may be granted only for good cause shown and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the rules in prison. If, after appropriate inquiry or investigation, the officer or agent is persuaded that earlier consideration may be proper, he may refer the matter to the Review Committee for consideration. He shall enter in the file the facts supporting his recommendation.

2.    Cases involving inmates facing imminent death may be referred to the Review Committee at any time.

3.    The Review Committee shall consist of no fewer than five members designated by the Board. Three members constitute a panel. The members shall be senior staff or employees having five years or more experience in the Central Office.

4.    The Review Committee may review any cases referred to them for earlier parole consideration, and determine whether it appears to be consistent with society's interest to schedule earlier parole consideration. If at least three Committee members reviewing a case concur in the action, they may reschedule parole consideration earlier than the docket previously set. They shall enter into the file a written statement of the action taken and the reasons for that action, and shall indicate which members of the Committee favored or declined to favor the action. The Review Committee's actions shall take effect immediately.

5.    The Executive Director or the Chief Counsel may refer any case to the Review Committee to consider whether rescheduling of consideration is appropriate, notwithstanding any other provision in these Operating Procedures.

6.    The Review Committee shall not review any case after the Board has denied or revoked parole on the sentences being served, except as provided herein.

7.    If the Board has denied or revoked parole, and scheduled the next consideration three years or more after denial or revocation, the Committee may consider earlier scheduling, but such review shall not begin earlier than eighteen months after the Board has denied or revoked parole.

5

STATE BOARD OF PARDONS AND PAROLE
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME CAREY ANTHONY LORENZ   AIS# 152763              DOCKET 11/2006
                                                    1/3   01/13/1999
PAROLE IS THIS DAY ORDERED _____ BY:      01/13/1999

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____DATE _____

SPECIAL CONDITIONS _____
_____
_____
CONTINUED TO _____
_____

PAROLE IS THIS DAY DENIED _3-28-07_____ BY:_____   RESET
DATE            MEMBER
3-28-07         Sidney Williams              3-2010
3-28-07         L. Linda Weatherly           3/2010
3-28-07         Robert Longshore             3/2010
REMARKS_____
_____


EXHIBIT
E