IN THE UNITES STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

ANTHONY L. CAREY, #152763 )
)
**Plaintiff** )
)
v. ) Case #2:07-CV-MHT
) 2:07CV1106-MHT
)
ALABAMA BORAD )
OF PARDON & PAROLES, et al., )
)
**Defendants.** )

### RESPONSE/REPLY TO DEFENDANT LONGSHORE, WYNNE AND WEATHERLY SUPPLEMENT SPECIAL REPORT

COME NOW, Anthony Lorenzo Carey (hereinafter "CAREY") MOVES THIS honorable Court to respectfully review as upon this Court as follows:

The Defendant's claim that they understood the Court's Orders that denial plaintiff of parole based on erroneous/false information, that plaintiff parole was denied in violation of his equal protection rights, and that the Defendant's violated the EX Post Facto Clause.

DEFENDANT'S stated at page (2) 1-2 that:

1) "Defendant's have denial plaintiff's conclusory allegation and stated in their affidavit's that parole was denial because they were not satisfied that plaintiff was ready to be released on parole. The Plaintiff is willing to put his record on the line, that is to said before his conviction and after his conviction. Carey is willing to compare his record with another inmates/prisoner with the same crime and sentence. That is to made a very strong statement, of those who have been granted parole, for the charge of murder and sentence to (30) year.

2) " DEFENDANT'S POSITION: Erroneous/false information claims; Stated that prison cannot make a conclusory allegation regarding the use of false information as the base of a due process claim Carey maintains that "erroneous-false information was

spoken by the victim family base on what the hear the plaintiff wife told the victim family. The plaintiff wife(Patricia Carey) was going with the victim at the time of his death, therefore the victim family would believe everything that she told them. Weather it be true or not, the victim family pass that false information to the parole board. VOCAL'S a long with the parole board believe that story. The family stated at Carey hearing they think that Carey should do all of his time, the victim family was very aware that there son was involved with a marry woman. Carey is not the first and want be the last case of case happen where a young get involved with a marry woman. However *Thomas,* 691 F. 2d. at 489. Section 15-22-26 cannot be read as granting the Board the discretion to **rely on the false information in determining whether to grant parole.** Therefore, by relying on the false information in Monroe's file the Board exceeded its authority under 15-22-26 and treated Monroe arbitrarily and capriciously in violation of due process. *Thomas,* 691 F. 2d. at 489, Id.

(Emphasis- added).      Carey relies on the progeny of *Thomas v. Seller,* 691 F. 2d.[487], 489 (11th Cir. 1982), *Monroe, 932 F.2d. at 1442.,* and other cases along said same holding, Carey made a colorable claim, that *"false information,"* was used, considered by the Board in 2007, thus confirming he was effectively deprived of due process based upon said, specific false information by Patricia Carey the plaintiff wife that she give the victim family false information. Which cause the injury-denial for a fair consideration of the parole- therefore the Parole Board Defendants relying on such *"false information."* Exceeded their lawful authority under 15-22-26, Ala. Code, 1975 and treated Carey's both arbitrarily and capricious in violation of due process. *See Monroe. Supra,* See Carey's attached Affidavit – supporting said *"false information,"* above.

To analyze Carey's procedural due process claim, effectively, under the vein asserted under the plenary review of *Wilkinson, Supra,* this Court must first determine whether a constitution interest exists in the context of which the United States Supreme Court hold that "retroactive procedural changes in the parole board process is prohibited as-applied to [one's] sentence. Whereas it creates a significant risk of increasing his punishment." See *Harris v. Hammonds,* 217 F. 3d. 1346, 1347 (11th Cir. 2000) (pre curiam) (quoting *Garner v. Jones,* 529 U.S. 244, 120 s. Ct. 1362, 146 L. Ed 2d. 236 (2000). Simply put, Carey asserts, that "[a] person suffering legal wrong because of a an agency actions, or is adversely affected of aggrieved by an agency action within the meaning of a relevant statute,

On June 19, 2008 plaintiff received the seconds supplement to special report from the Defendants Wynne, Wheatherly and Longshore : All stated the same thing even there affidavit's accepted Bill Wynne that he was not appointed to the board at the time of Carey's hearing.

Wheatherly and Longshore stated Exhibit B Wheatherly affidavit prison denied the Board does not have to state the reason for the denial. Wheatherly stated that she vote to deny Carey parole, Carey case and categorically dent that she relied on information that she "knew" to be false. She with on to say she have never relied on "Know" false information when making decision to grant or deny parole.

Carey question is where did the information come from, over 90% of the parole decision is from DOC and (VOCAL), is it is safe to say the information the was received is true.

*Geenholtz v. Inmates Of Nebraska Penal and Correction Complix:* The Supreme Court held that due process requirements were met by Nebraska statues that allowed inmates to know the reasons for denial. Carey has been denial parole (4) times without given a reason why.

Carey has already been convicted one and trailed, to those appear that Carey is been trailed all over again by the parole board, vocal, attorney general office and the victim family. The Sixth Amendment: To informed of the nature and cause of the accusation ; to be confronted with the witnesses against him.

Alabama do not allow inmates to attend there parole hearing, therefore how can he confront his accuser. Carey family attend his parole hearing, when Carey's family try to explain what happen Mr. Williams told Carey's family that they don't want to hear what happen. But allow the victim family to speak long as they wanted to and say what they wanted to say. One of the victim sister stated I think that he should do all of his time:

The plaintiff requested this Honorable Court for all document of Carey's parole hearing of March 28, 2007, the fact will show why the parole denial Carey's for the fourth time.

Simply put it, Weatherly's objections base upon privilege failed to meet the strictures of *Rule 26 (b) (5), Fed.R.Civ.P.*, *See Hick man, supra., Farnworth, supra.*, and nether the attorney-client nor the work-product privilege can prevent Carey from seeking the disclosure of the underlying relevant facts, documents on

Order to prove his claim. "that is why the plaintiff requested the court to order the defendants to please identify by document what protocol, is any, by State statute-relating to when inmate(s) cine before the Parole Board for either 1) eligibility and then 2) for *consideration* of potential parole review how Federal Law are protected in accord with both *Wilkinson v. Dotson*, [544 U.S.74] and *Greenholtz v. Nebraska*, [422U.S.1] Weatherly and Longshore answer albeit without a[any] objection remain facially incompletes and totally inadequate whereas Weatherly and Longshore *Responds* "Prisoner in Alabama have no **reasonable expextation of parole.** *The cited decision of the U.S Supreme Court do not recognize any such right as existing under Alabama's discretionary parole statute. Prisoners do no enjoy a liberty interest in the desire to be paroled, ... [T]o the extent that the Ex Post Facto Clause* **might apply to change in procedures,** the previous **Special Report explains the procedural safeguard adopted pursuant to Garner v. Jones.** 120 S.Ct. 1362 (2000)" *Id.* Admissible evidence, inapposite to Weatherly's and Longshore's answer which likewise is absent an *oath signature before a Notary (Exhibit B ) Weatherly exhibit, (Exhibit C ) Longshore exhibit* stand along, therefore said remains facially inadmissible under *Fed.R.Civ.P. 33 (b)(1)(3) and (5)* First, to the extent that Weatherly and Longshore partially answe[ed] the plaintiff specitic discovery request, to remain likewise "deficient," however for the sake of clarity Carey (wife) Patricia Carey giving the victim's family false information. Do you think she would tell the victim family the some week that the shoot occur that she had sex with her husband. Do you think that she tell the victim family all the thing that they had discuss, in other word she told them what they wanted to hear. The point is the victim family known that there son was involved with a marry woman. Carey is not the only case of this nature and it want be the last. Case like this one happen all the time, that a man involve with a marry woman end up losing his life. The thing about the case could have been avoid, only if Patricia would have told the true. The Green family have a problem accepted the trufully, the trufully need to be told. Because every thing that occur doing that time is not in the P.S.I., who can you get the true out of a lie. That just what Patricia Carey did lie, the victim family pass the information to vocal, attorney general office, doc, and the parole board . Carey request that this Court undergo the above requested task and Rule 37 (a) (3)(iii)(iv) appropriately herein, the work product doctrine protects otherwise discoverable "documents and tangible thing... prepared in anticipation of litigation or for trial by or for [a] party of by or for that ... party's representative (including the ... party's... consultant...)" *Fed.R.Civ.P. 26 (b) (3).* Such materials , however, **are not protected if they are assembled in the ordinary course of business** or other non-litigation purposes. *Advisory Committee Notes to Rule 26, 1970 Amendment, Subdivision do not recognize any such rights as existing under Alabama's discretionary parole statute. Prison don not enjoy a liberty interest in the desire to*

*be paroled... [T]hat is to say that parole is a privilege, therefore each prison should have a right to enjoy that privilege as another prisoner with a violation crime. Like in the case of Richard Vanislice, white male sentence from Jefferson County, Alabama Vanislice shoot and killed a man over drugs. Vanislice was granted parole four (4) year ago, white inmates are more likely to made parole the very first then black's prisoner...* Doc. # 12-1 page 2 of 5 2. A written report be Filed with the court and a copy served upon the Plaintiff within Forty (40) days of the date of this order. The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint. In these statements, the defendants must address the Plaintiff claim that he has been denied parole due to his race. The Defendants First and second supplement to special report, Fail to comply to the Court order (Doc # 12) of Plaintiff claim that he has been denied parole due to his race: Equal Protection; Clause requires that the government treat similary situated individuals in a like manner. U.S. Const. Amend. XIV, 1; City of Clebure v. Clebure Living Center, Inc., 473 U.S. 432, 439 105 S.Ct. 3249, 87 L. Ed. 2d 313 (1985). The Ex Post Facto Clause is directed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins V. Youngblood 497 U.S. 37, 43 110 S.Ct. 2715, 111 L. Ed. 2d 30 (1990), CAREY was Sentence in (1989) under the guideline 1/3 or Ten years, Carey maintains prior to the Defendants amendatory enactment of Post 2002-2004 guideline those not apply to Carey. The Ex Post Facto to state a Claim is barred by the application of limitations, in that the complaint shows that Plaintiff Knew or should have Known in 2002 that the new guidelines for scheduling further parole consideration would apply to him. ... Id. "The complaint Fails to state a claim under the Ex Post Facto Clause of the Constitution, as there is no averments from which it may fairly be inferred that Plaintiff would have been released from prison earlier under the former scheduling guidelines then under the current guidelines. Under both the former system and the current system, further consideration is scheduled by the Board after reviewing the file and hearing from persons addressing the Board in its public meeting. The scheduling decison, like the actual decision to release or not, is highly discretinary and is highly dependent on the Board's assement and prediction of a prisoner's future conduct,

Ex post Facto Law of this character are unAmerican to the basis Principle that a Person accused of a crime is entitle to a Fair trail or hearing: United State v. Brown, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed. 2d. 484 (1965) In 2000 Carey was told by a board member (Sandra Cockran) in order for Carey to recieved a hearing date the victim Family had to be notify. Carey's Friend Verlind Well Fax the victim Family address to (Sandra Cocharn) Carey Friend verlinda Well told Carey that the victim Family had moved years ago... here the address that verlinda Well Fax; Willie Green 557 Rockly Mountain Lake Road Bessemer, Ala 35020. It is a Fact that all Prisoner/Inmates with violation crimes victim's Family have to be notify (not in all cases). Mosly Case of Prisoner that have been target by A DOC that is backing the system are label os troubler maker. The parole Board has red Flag there File with a red dot, Carey Second wife notice the red dot on Carey File, Carey to narrow the Claim to the Person(s); part[ies] responsible for notify the victim Family, M. Shehane (Vocal) The victim Family was not at Carey (2000) hearing. But M. Shehane vocal people from the attroney general office. Carey maintains and avers in regards to § 8, supra, that Article I, 10 of the U.S. Constitution prohibits the states from passing any "Ex post Facto law, so much importance did the [C]onvention attach to [ex post facto prohibition], that it is found twice in the Constitution." Kring v. Missouri, 107 U.S. 221, 227, 27 L.Ed. 506, 2 S.Ct. 443 (1883); which ultimately Forbids Congress and States from enacting any law "which impose a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed." Cummings v. Missouri, 4 Wall 277, 325-326, 18 L.Ed. 356 (1867). See Lindsey v. Washington, 301 U.S. 397, 401 81 L.Ed. 1182, 57 S.Ct. 797 (1937); Rooney v. North Dakota, 196 U.S. 319, 324-325, 49 L.Ed. 494, 25 S.Ct. 264 (1905); In re Medley, 134 U.S. 160, 171, 33 L.Ed. 835, 10 S.Ct. 384 (1980) Calder v. Bull, 3 Dall 386, 390 1 L.Ed. 648 (1798) ("The enhancement of a crime, or penalty, seems to come within the same mischief as the creation of a crime or penalty" after the Fact. Calder, at 397, 1 L.Ed. 648 (Paterson J.). See also Fletcher v. peck, 6 Cranch 87, 138, 3 L.Ed. 162 (1810) ("An ex post Facto law is one which renders an act punishable in a manner in which it was not punishable when it was committed"). Why then the parole Board keep on punishing Carey by denial him Parole, without giving him a reason why there denial him Parole for the (4) Fourth time.

Plaintiff Exhibit #1 Remark from the Parole Board after Carey was denial March 28, 2007; The Board hope you will cooperate with the prison authorities, In oder that you may receive the best benefits that can be accorded [I]s that the reason that Carey was denial Parole. But Weatherly and Longshore both stated: that the Board then have to give a reason, why Carey was denial.

Plaintiff Exhibit #2 Copy of Carey Marriage License; Anthony & Patricia was marry at the time shoot occur:

Plaintiff Exhibit #3 Copy of Cary divorce, Anthony & patricia was divorce March 23, 1993 (8) Years later.

Plaintiff Exhibit #4 Carey never meet with reclassification team to be considered for change in custody and/or Institutional assignment be your parole consideration date was re-set for 3/2010 AR 403 State if an inmate is set-off for (5) Five year, that inmate is to be reclass... Carey was only set-off for (3) year.

Plaintiff requested this Honorable Court, to add Sidney Williams as a defendant in this Case. Because Sindney Williams was the Chair of the parole Board on March 28, 2007; See Defendants Exhibit D of the Defendant(s) Affidavit where Sindney Williams signature denied Carey Parole.

anthony L. Carey pro-se
Respectfull Submitted

Seek Relief

That this Honorable Court, will enforce Federal and State Constitution rights under the Fifth, Six, and Fourteenth Amendment. That all is entitled to the plaintiff by law, that is guarantee by U.S.C.

Federal Court may impose an injunction that governs the official future conduct. The Eleventh Amendment also does not bar cliam (for monetary or injunctive relief) against the individual Defendants in their individual capacities. See Dean V. Barber, 951 F.2d 1210, 1215 (11th Cir 1992). Thus Carey's specific named Defendants: (1). Sidney Williams (2) Velinda Weatherly (3) Robert Longshore and Miriam Shehane as mentioned are not entitled to the "Eleventh Amendment" immunity, as erroneously mentioned in their Answer; See Adams, supra. Plaintiff seek injunctive relief and Ex Post Facto relief "retroactively" relief (Time served), that is relief by the court to granted relief base on Ex Post Facto

anthony L. Carey
Respectfull submitted

## CONCLUSION

I Anthony Lorenzo Carey, Sr. # 152763, put his record on the line, that is to said before his conviction and after his conviction. Carey is willing to compare his record with another prisoners/inmates that have the same charge and sentence. That is to made a very strong statement of those who have been granted parole, Carey is a first offender. Carey was sentence to (30) years for the charge of murder, Carey has already served (19) years of a (30) sentence.

## BACKGROUND

At the age of (18) Carey was a register vetoes, after high school Carey join the Marine Corps. Carey served (7) years in the Marine Cops Reserved, honorable discharge at the rank of sergeant E-5. Carey served as platoon sergeant and section chief, Carey received a good conducted medal for his serve to his country.

In (1979) Carey lose (4) four children in a house fire in Bessemer, Alabama, Carey worked (10) years for the same company. Vulcan Material Company (Birmingham, Alabama, Carey a family, just wanted to give his family a better life. Carey served on the community action committee, Carey has the opportunity to serve his country again.

The only way for Carey to be able to do so, Carey has to be out of prison. It would be an Honorable and a Privilege to serve my country. In Carey pray for relief requesting this Honorable Court that is would granted Carey the opportunity to enlisted by into military serve.

Carey is a license and ordained Minister, it was be a honor the serve as chaplain. Where Carey can served the most good as to U.S. Serve man and woman. Carey has had the opportunity to preach of the outside, as having level II Custody and working in the community.

Carey received his out custody in (1997) here at Limestone Prison over (10) years ago, now Carey is back at Limestone: Because ADOC said the Parole Board has set Carey off for parole for (3) years: According to Administrative Regulation #414 and # 403 State: If a inmate is set-off for (5) years are more that inmate is to be reclass.

Carey was set-off for (3) three year that don't apply to Carey however was transferred to Kilby Prison placed in segregation for (7) days. Because a

confidential source reported Carey had became a security risk Without offered any proved of evidence. The violated plaintiff constitution rights of due process of the law, the bottom line is that somebody from ADOC realize that it was Carey.

That was working for Central Record, that Carey was the one that had filed the law suit against them. So they decide to get rend of Carey by use a confidential to say that Carey has became a security risk. ADOC, PAROLE BOARD, CENTRAL RECORD ARE IN THE SAME BUILDING.

Carey argument is this how can habitual /repeat offender and those who are serving life sentence, in does who have done worst crime then Carey. But they was granted parole, like in this case.

Freddie Shealy, Of Lee County, Alabama charge with murder, sentence to 65 years. Shealy serve <u>ONLY</u> (5) five years on a 65 year sentence. How in the world he came up for parole in five years.

Carl Bowman Of Bibb County, Alabama, Bowman was sentence to 25 years for murder. Bowman was granted parole in (8) years.

Carton Cook, Of Autauga, County is a repeat offender, Cook was sentence the first time for vehicle homicide. Cook was sentence to (12) years, Cook was granted parole in (4) years. Cook was convicted the second time for vehicle homicide, Cook was sentence to (15) serve only (6) Cook was granted the second time for the same thing.

Jeffrey Godfy Of Jefferson County repeat offender charge with murder 1985, granted parole in (8) years. Godfy was sentence the second time for murder was sentence to (20) years granted parole after service (12) years

Warden Adams, Of Jefferson, County, Alabama. Repeat offender attemp murder sentence (10) parole in (4) second offend assault with a deadly weapon parole violation sentence (15) granted parole in(8) years.

Richard Mark Eillard #105115 Case N0: 474 So.2d. 743 (Ala. Cir.App. 1984 Eillard abucted (2) two woman **REPENTED STUBBING** His victims Eillard was sentence for two Courts of Murder and attempted murder, Eillard was granted parole after serving ten year!

Respectfull Submitted
Anthony R Carey

## PRAYER FOR RELIEF

The plaintiff do pray for relief, asking this Honorable Court for mercy. That this Honorable Court with granted what he is entitled to by law and the constitution of the United States. Withhold not good from them to whom it is due, when it is in the power of thine hand to do it.

## CERTIFICATION OF SERVICE

I, Anthony L. Carey, hereby certify that on this day 23 of June 2008 served a copy of the same foregoing was served upon the following Court and Counsel of the Respondant. By depositing copy of the same in the United States Mail Postage Prepaid.

Respectfull Submitted

Anthony L. Carey  Pro-se



ANTHONY CAREY, #152763
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

2:07-CV-1106-MHT

*Confidential Legal Mail*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT, NORTHERN DIVISION
Attention: Honorable Debra Hackett, Clerk of Court
Post Office Box# 711
Montgomery, Alabama

36101-0711

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
301 S. RIPLEY STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700
03-30-2007



B1-62B

ANTHONY LORENZO CAREY
152763
RED EAGLE HONOR FARM
1290 RED EAGLE ROAD
MONTGOMERY  AL  36110

YOUR CASE WAS REVIEWED BY THE BOARD OF PARDONS AND PAROLES AT AN OPEN PUBLIC MEETING.  YOU WERE DENIED PAROLE AND RESET FOR FURTHER CONSIDERATION DURING THE MONTH OF 03/2010.

REMARKS:
THE BOARD HOPES YOU WILL COOPERATE WITH THE PRISON AUTHORITIES IN ORDER THAT YOU MAY RECEIVE THE BEST BENEFITS THAT CAN BE ACCORDED.

YOURS VERY TRULY,

CYNTHIA S. DILLARD
ACTING EXECUTIVE DIRECTOR

WCS/CRM

CC:  WARDEN
     CLASSIFICATION

Plaintiff Exhibit #(1)

# THE STATE OF ALABAMA
## Jefferson County
# Marriage License

To any Licensed Minister of the Gospel in Regular Communion with the Christian Church or Society of which he is a member or Judge of the Supreme Court, Court of Criminal Appeals, Court of Civil Appeals, Circuit Court, District Court or Judge of Probate within his county or Pastor of any Religious Society according to the Rules ordained or Custom Established by such Society.

## GREETING

**You are hereby authorized** to solemnize Marriage between

Mr. Anthony Lorenza Carey    Birth Day 4/12/56    and

Ms. Patricia Ann Hutchins    Birth Day 2/1/57

and to join them together in Matrimony, and certify the same in writing to this office as required by law.

Given under my hand 30th day of January 1979

O. H. Florence

---

**This Certifies** that I have solemnized Marriage between

Mr. Anthony Lorenza Carey    and

Ms. Patricia Ann Hutchins

according to Law, at Bessemer in said County and State, on the 30th day of January 1979

O. D. Hiley    Deputy Probate Judge

**The State of Alabama, JEFFERSON COUNTY.** I, the undersigned Judge of Probate for said County in said State, hereby certify that the above and foregoing transcript is a true and correct copy of the Marriage License and Certificate of Marriage of said parties as the same appears of record in my Office in Marriage Record for year 19 79 Book 104 Page 291

Given under my hand and official Seal this 15th day of May 2007

Alan L. King

PROBATE - 207

Plaintiff Exhibit #2

| | |
|---|---|
| ANTHONY CAREY, SR.<br>PLAINTIFF<br><br>VS.<br><br>PATRICIA ANN HUTCHINS CAREY<br>DEFENDANT | IN THE CIRCUIT COURT, TENTH<br>JUDICIAL CIRCUIT OF ALABAMA<br>BESSEMER DIVISION<br><br>CASE NO. DR 91-743 |

FILED IN OFFICE BESSEMER
'93 MAR 25 P4:50

### DECREE OF DIVORCE

This action came on motion of the plaintiff for a default judgment pursuant to Rule 55 (b) (2) of the Alabama Rules of Civil Procedure, and the defendant being duly served with a summons and complaint, and not being an infant or an unrepresented incompetent person and having failed to plead, or otherwise defend, and her default being duly entered, and the defendant having taken no proceeding since such default was entered, and this matter having been submitted for final decree upon the pleadings and proof as noted, is is Ordered and Adjudged as follows:

FIRST: That the bonds of matrimony heretofore existing between the plaintiff and defendant are dissolved, and the said <u>ANTHONY CAREY, SR.</u> is forever divorced from the said <u>PATRICIA ANN HUTCHINS CAREY</u> on the grounds that he has been incarcerated for two years.

SECOND: That neither the plaintiff nor the defendant shall again marry except to each other until sixty days from the date of this decree. If an appeal from this decree is taken within forty-two days, neither the plaintiff nor the defendant shall marry again except to each other during the pendency of said appeal.

THIRD: That the costs of the Court accrued herein are hereby taxed against the defendant for the collection of which execution may issue and if returned "no property found" then execution for costs may issue against the plaintiff.

Done and Ordered this the 23rd day of March, 1993.

_____
ROGER HALCOMB, CIRCUIT JUDGE

Plaintiff Exhibit #(3)

1

Plaintiff Exhibit #4