IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Anthony L. Carey, #152763,　　　　　　　*

　　　　Plaintiff,　　　　　　　　　　　　*

Vs.　　　　　　　　　　　　　　　　　　2:07-CV-1106-MHT

Alabama Pardon & Paroles et. al.,　　　*

　　　　Defendants.　　　　　　　　　　*

**MOTION FOR CONTINUANCE / STAY
PERMITTING PLAINTIFF TO CONTEST
DEFENDANTS ANSWER**

COMES NOW Anthony L. Carey (hereinafter "CAREY") and moves this Honorable Court to *GRANT* the above styled cause of action as follows:

§ 1.　　Defendants have filed an ANSWER albeit absent –said "written report and copies of documents, records, forms utilized by the Board to in fact effectuate that Carey was both first – eligible and second properly *considered* for parole," thus the Defendants ANSWER remains wholly insufficient as Court ORDERED but Carey requests for a stay pending appropriate DISCOVERY, see attached motions inclusive to, but not limited Carey's attached AFFIDAVIT fully incorporating as same herein, in this instant motion adopting by specific references all motions filed, under attestation.

§ 2.　　Carey maintains –asserts that under Rule 56(f) of the Federal Rules of Civil Procedure, which permits Carey to counter Defendants answer by means of sufficient documentary evidence, affidavits opposing Counsel's "shot-gun" styled answer.

Plaintiff Carey asserts, it appears from Defendants limited ANSWER without waiving Carey's right to redress said answer at the appropriate time, and in the appropriate manner consistent with this Circuits holdings that this Court respectfully stay a[ny] Reply / Response until

and after complete DISCOVERY, because Carey cannot effectuate by Affidavit essential facts underlying justification, absent limited discovery process being first afford Carey to oppose Defendants ANSWER under Rule 56(f), Fed.R.Civ.P, see attached AFFIDAVIT supporting both this motion and coupled DISCOVERY motions labeled Interrogatories & Admissions.

"Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citation and quotations omitted)).

In compliance with, said permission under this rule, Carey supplies this Court, as well as Defendants ample opportunity to review the attached DISCOVERY motions that such are in fact, within he ambience of said rules, thus permitting Carey the nonmovant herein, opportunity to rebut the Defendants' ANSWER just received.

Previously, this Court relied upon the Eleventh Circuit precedent of *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), wherein the court said:
"The party opposing a motion for summary judgment has a right to challenge submitted motions by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits, responses . . . If documents or other discovery sought would be relevant to the issues present by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Id.

Additionally, noted in the Eleventh Circuit, it stated that summary judgment should not generally be granted until the party opposing the motion has had an adequate opportunity for discovery. *See Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1145 (11th Cir. 1973) (noting the high fatality rate of summary judgment dispositions at a time before the facts have been fully developed).

2

§ 3.   Carey specifically maintains –asserts that postponement of a[ny] ruling in favor of Defendants, at this stage will enable Carey by lawful means to effectuate the other necessary elements to rebut, with strict proof Defendants unsupported allegations in their ANSWER, despite the fact that as the movant's the Defendants did not meet their initial burden by pointing this Court, or Carey to were his claims came up short –or better put a[ny] "absence of a genuine issue of fact," a necessary concomitance with both his Circuits holdings, and the rules governing said procedures, see *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (citations omitted).

The legal standard and analysis necessary to afford Carey fundamental fairness is because Defendants appear to demand their entitlement to relief based upon on their unsupported version of events rather than on the facts sworn in Carey complaint, thus as the plaintiff –Carey should be allowed to fully develop the full scope of his claims, based upon the profound effects the act(s), action(s) and outright flagrant omission(s) Carey, and the other inmates have alleged against the Board Defendants, although their current exists "*evidence pointing to the existence of genuine issues of material facts,*" Carey will be in far greater shape to present them "one time" after DISCOVERY.

In the interest of Federal comity, in accord with the spirit of liberality, Carey sets out most, if not all the substantive reason(s) in the attached, coupled *Affidavit* supporting both the grant of this instant motion, and permission for limited discovery. See *Wallace v. Brownell Pontiac GMAC Co.*, 703 F.2d 525, 527 (11th. Cir. 1983)(quotations omitted).

WHEREFORE PREMISES SHOWN, Carey prays that this Court would respectfully stay any response by Carey until, and after DISCOVERY is fully completed as clearly articulated in the AFFIDAVIT supporting this motion, inclusive to the Carey 1st Set Of Interrogatories, Admissions, Requests, and Production of documents et. seq. hereinafter coupled with this motion,

served upon Defendants by certified mail.[1] Any such other relief that this Honorable Court deems sufficient being that Defendants answer remains wholly inapposite to this Courts December 6th, 2007 Order –which did not attach the **"copies of all documents, records and regulations relevant to Plaintiff's claims for relief,"** Id. Primary cause for DISCOVERY now.

Done so this 26 day of June, 2008.                    Respectfully submitted,

                                                                                 x /s/ Anthony L. Carey
                                                                                ANTHONY L. CAREY, #152762
                                                                                Acting in pro per.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the CONTINUANCE / STAY upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1.     Defendants Williams (Wynn), Weatherly, Longshore et. al.,
       C/O Chief Counsel Honorable Hugh Davis
       Attorney for Alabama Pardon & Paroles
       301 South Ripley Street
       Post Office Box #302405
       Montgomery, Alabama 36130

Done so this 26 day of June 2008.                    Respectfully submitted,

                                                                                x /s/ Anthony L. Carey
                                                                                ANTHONY L. CAREY #152763
                                                                                Limestone Correctional Facility
                                                                                28779 Nick Davis Road
                                                                                Harvest, Alabama 35749-7009

---

[1] Carey asserts that the Certification Card Number hereinafter ascribed #7003-1010-0001-7104-4872 was placed upon the CONTINUANCE / STAY motion, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Anthony L. Carey, #152763 | * | |
| Plaintiff, | * | |
| Vs. | * | **2:08-CV-1106-MHT** |
| | * | |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

**AFFIDAVIT OF PATRICK J. CHAREST
IN SUPPORT OF RULE 56(f) MOTION**

STATE OF ALABAMA   :

LIMESTONE COUNTY   :

Before me, the undersigned authority did appear one Anthony L. Carey, 152763 whom did depose and state under the penalty of perjury the foregoing attestations:

1) My name is Anthony L. Carey, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and subsequent events thereinafter.

2) I am acting in pro per, and have since the inception of said complaint, and will remain as such at all times relevant hereinafter, until this Court ORDERS otherwise, per se such as representation of, for class certification by Counsel.

3) I sued Defendant's Wynn, Weatherly and Longshore, and Miriam Shehane, *inter alia,* (Defendants B. Riley, T. King have been dismissed) in their specific capacities, for both "*declaratory and prospective injunctive relief*" while said parties were acting under color of state

1

law, because of violations of my Constitutional rights which a reasonable person would have known not to have subject me to.

4.  I assert, aver that the specific Interrogatories at pp. 9 –13 under §§1 –17 in the attached 1st Set Of I & I's relate to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

5.  I assert, aver that the specific Admission, at pp. 13 –17, §§18 –34 in the attached 1st Of Admissions remain relevant to proving my claims, elements underlining the three (3) succinct violations of my Constitutional federally protected rights –which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

6.  I have reviewed the Defendant's Answer, absent the Court ORDERED **"written report"** in this matter, I have personal, first hand knowledge of the facts surrounding Defendant's unsupported probability of events which remain in contradiction to the record proper, transcripts, or tape recordings to which Carey overall objects but cannot at this juncture specific point this Magistrate too, because Defendants failed to afford both this Court, and Carey with said specific "documents" in their answer –inapposite to this Courts February 1st, 2008 ORDER otherwise, Carey will now attempt to secure said documents, records within the strictures of permissible limited DISCOVERY for the most part, due to limited perjury to this Court, by Defendants in their first real answer, what is Carey to expect next.

7.  I adopt by specific reference, in toto, the coupled DISCOVERY motions, PRODUCTION of DOCUMENTS enclosed and fully incorporated hereinafter as same therein, for purpose of brevity, to support the attached Rule 56(f), motion.

8.  Absent the Defendant submitting to this Courts February 1st, 2008 ORDER, stating in pertinent part, at pp. 1 -2, ¶ 2, "[A] **written report** be filed with the court and a copy served upon Plaintiff within forty (40) days of the date of this order. **The report must contain the *sworn statements of all person having knowledge of the subject matter of the complaint. In these statements, the defendants must address the plaintiff's claim that he has been denied parole to his race.* . . .** Where the Plaintiff's claims or defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines the written report **shall** include copies of all such applicable administrative rules, regulations or guidelines. **In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiffs claims for relief.**" Id. at this Courts ORDER, supra.

9.  As maintained, and specifically adopted by the Magistrate in the ORDER (02/01/08) at p. 1, stated: "The Magistrate Judge has reviewed the complaint, as amended, and determined this pleading cannot be properly and effectively processed **by the court without further information form the defendants named in the complaint**." Id.   Absent the disclosure, as ORDERED herein by this Court upon Defendants –Carey is unable to formulate a legal Reply / Response with Affidavit's to contradict Defendants' answer currently before this Court without first being **granted** limited DISCOVERY, as requested.

Sworn to and Subscribed heretofore this x /9 day of x June , 2008.

[SEAL]

x _(signature)_
NOTARY PUBLIC, AT LARGE:
My Commission Expires
January 10, 2012
Comm. Expires: x _____

x _(signature)_
ANTHONY L. CAREY, #152763
LIMESTONE C.F. * H-Dorm
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

3