**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 8, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Anthony Carey vs. Alabama Pardon & Paroles, et al**
**Case Number: 2:07cv1106-MHT**

**Pleading : #53 - Motion for Continuance/Stay**

**Notice of Correction is being filed this date to advise that the referenced pleading was filed on 8/7/08 without the "Affidavit of Patrick J. Charest In Supppport of Rule 56(f) Motion" filed as an attachment.**

**The corrected pdf document is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Anthony L. Carey, #152763 | * | |
| Plaintiff, | * | |
| Vs. | * | **2:08-CV-1106-MHT** |
| | * | |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

### AFFIDAVIT OF PATRICK J. CHAREST
### IN SUPPORT OF RULE 56(f) MOTION

**STATE OF ALABAMA** :

**LIMESTONE COUNTY** :

Before me, the undersigned authority did appear one Anthony L. Carey, 152763 whom did depose and state under the penalty of perjury the foregoing attestations:

1)   My name is Anthony L. Carey, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and subsequent events thereinafter.

2)   I am acting in pro per, and have since the inception of said complaint, and will remain as such at all times relevant hereinafter, until this Court ORDERS otherwise, per se such as representation of, for class certification by Counsel.

3)   I sued Defendant's Wynn, Weatherly and Longshore, and Miriam Shehane, *inter alia,* (Defendants B. Riley, T. King have been dismissed) in their specific capacities, for both *"declaratory and prospective injunctive relief"* while said parties were acting under color of state

1

law, because of violations of my Constitutional rights which a reasonable person would have known not to have subject me to.

4.   I assert, aver that the specific Interrogatories at pp. 9 –13 under §§1 –17 in the attached 1st Set Of I & I's relate to proving my claims, elements underlining the three (3) succinct violations of Constitutional federally protected rights, subsequently reviewable and under scrutiny by the terms, definition, confines of §1983 strictures, which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

5.   I assert, aver that the specific Admission, at pp. 13 –17, §§18 –34 in the attached 1st Of Admissions remain relevant to proving my claims, elements underlining the three (3) succinct violations of my Constitutional federally protected rights –which have been flagrantly usurped by the above named Defendants, and others yet approved to prosecute.

6.   I have reviewed the Defendant's Answer, absent the Court ORDERED "**written report**" in this matter, I have personal, first hand knowledge of the facts surrounding Defendant's unsupported probability of events which remain in contradiction to the record proper, transcripts, or tape recordings to which Carey overall objects but cannot at this juncture specific point this Magistrate too, because Defendants failed to afford both this Court, and Carey with said specific "documents" in their answer –inapposite to this Courts February 1st, 2008 ORDER otherwise, Carey will now attempt to secure said documents, records within the strictures of permissible limited DISCOVERY for the most part, due to limited perjury to this Court, by Defendants in their first real answer, what is Carey to expect next.

7.   I adopt by specific reference, in toto, the coupled DISCOVERY motions, PRODUCTION of DOCUMENTS enclosed and fully incorporated hereinafter as same therein, for purpose of brevity, to support the attached Rule 56(f), motion.

8.   Absent the Defendant submitting to this Courts February 1st, 2008 ORDER, stating in pertinent part, at pp. 1 -2, ¶ 2, "[A] **written report** be filed with the court and a copy served upon Plaintiff within forty (40) days of the date of this order. **The report must contain the *sworn statements of all person having knowledge of the subject matter of the complaint. In these statements, the defendants must address the plaintiff's claim that he has been denied parole to his race. . . .*** Where the Plaintiff's claims or defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines the written report **shall** include copies of all such applicable administrative rules, regulations or guidelines. **In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiffs claims for relief.**" Id. at this Courts ORDER, supra.

9.   As maintained, and specifically adopted by the Magistrate in the ORDER (02/01/08) at p. 1, stated: "The Magistrate Judge has reviewed the complaint, as amended, and determined this pleading cannot be properly and effectively processed **by the court without further information form the defendants named in the complaint**." Id.   Absent the disclosure, as ORDERED herein by this Court upon Defendants –Carey is unable to formulate a legal Reply / Response with Affidavit's to contradict Defendants' answer currently before this Court without first being **granted** limited DISCOVERY, as requested.

Sworn to and Subscribed heretofore this x 19 day of x June, 2008.

[SEAL]

NOTARY PUBLIC, AT LARGE:

My Commission Expires
January 10, 2012

Comm. Expires: x_____

ANTHONY L. CAREY, #152763
LIMESTONE C.F. * H-Dorm
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

3